MAX SARNER, Plaintiff, *v.* ADOLPHE KANTOR, Defendant.

Supreme Court, New York Special Term, June 30, 1924.

Landlord and tenant — lease — action by tenant for refusal of landlord to consent to sublease of premises and return of deposit — covenant in lease against subletting without landlord's consent not unreasonable — plaintiff's remedy is declaratory judgment under Civil Practice Act, § 473 — motion to dismiss complaint granted.

Defendant's motion to dismiss a complaint which alleges his unreasonable refusal as landlord to consent to a sublease should be granted, where it appears that nowhere in the lease does the landlord expressly covenant not to withhold his consent unreasonably and the only covenant is by the tenant not to sublet without his landlord's consent.

Plaintiff's remedy is under section 473 of the Civil Practice Act where he may, if the facts warrant, obtain a declaratory judgment that the defendant has no right to withhold consent.

MOTION by defendant to dismiss complaint on the ground that it does not state facts sufficient to constitute a cause of action.

*Phillips & Avery* (*Talbot M. Malcolm*, of counsel), for the plaintiff.

*Pfeiffer & Crames* (*Harold Pfeiffer* and *Harold Cohn*, of counsel), for the defendant.

PROSKAUER, J. Defendant lessor moves to dismiss the lessee's complaint for insufficiency in law. The lease provided: "*Fourth.* That the tenant shall not assign or sublet this agreement, or underlet or underlease the premises * * * without the landlord's written consent first had and obtained * * *. Nothing herein contained shall permit the landlord to unreasonably withhold his consent to any sublease." Plaintiff alleges unreasonable refusal to consent to a sublease and demands damages and the return of the deposit under the lease.

Plaintiff cannot recover unless this 4th clause is a covenant by defendant not unreasonably to withhold his consent to a sublease. The purpose of the provision is to protect the lessee against liability for damages or risk of forfeiture if consent of the lessor is improperly withheld. 1 Tiffany Landl. & Ten. § 152, p. 933; 2 Underhill Landl. & Ten. § 632, p. 1063. Nowhere does the lessor expressly covenant not to withhold his consent unreasonably. The only covenant is by plaintiff not to sublet, and it is plaintiff's own covenant that is qualified by the condition that the lessor shall not unreasonably withhold his consent. The cases of *Sear* v. *House Prop. & Inv. Soc.*, L. R. (1880–81) 16 Ch. Div. 387, and *Treloar* v. *Bigge*, L. R. (1873–74) 9 Exch. 151, are controlling.

Plaintiff urges that this construction imposes upon the lessee the risk of forfeiture if he subleased and points out the practical difficulty of finding a sublessee under such circumstances. *Young* v. *Ashley Gardens Properties, Ltd.*, L. R. (1903) 2 Ch. Div. 112, shows the remedy. There plaintiff sought a declaratory judgment that defendant had no right to withhold consent. Cozens-Hardy, L. J., writes: " I cannot imagine a more judicious or beneficial exercise of the jurisdiction to make a declaratory order than that which has been adopted * * * in this case." Under section 473 of the Civil Practice Act, plaintiff may, if the facts warrant, secure a similar declaration in the instant case.

Judgment for defendant.

Ordered accordingly; judgment accordingly.