Butterick Publishing Company, Plaintiff, *v.* Fulton & Elm Leasing Co., Inc., Defendant.

Supreme Court, New York County, May 9, 1928.

**Landlord and tenant — lease — tenant stipulated not to assign lease or sublet premises without written consent of landlord — lease also provided against leasing for any business not similar to any then conducted in block — lease further provided that landlord would not unreasonably withhold consent to sublease — landlord never agreed not to withhold its consent unreasonably — declaratory judgment construing lease granted in action under Civ. Prac. Act, § 473.**

This is an action for a declaratory judgment, under section 473 of the Civil Practice Act, as to the rights of plaintiff and defendant under a lease whereby plaintiff agreed that it would not assign the lease or sublet any part of the premises without the written consent of defendant landlord, but that consent was not to be unreasonably withheld. The lease further provided that the landlord at no time would consent to sublet the premises for any business similar to any other business then conducted in the block in which the premises were located.

Since the landlord never agreed not to withhold its consent unreasonably, plaintiff, as a matter of law, has no action at law for damages for breach of covenant, nor has plaintiff a legal right to demand that the landlord be compelled to consent in writing to a proposed lessee or assignee, in the absence of any covenant on the landlord's part.

Defendant must be regarded as having reasonably refused to lease the premises to parties operating shops handling the same line of merchandise carried in stock in other stores and shops in the block in which the premises were located. But defendant must be held to have unreasonably refused to lease to certain tenants, in the absence of proof showing any substantial conflict between their business and that of any other business in the block.

Therefore, plaintiff is entitled to a declaratory judgment permitting it to sublet or assign to any person against whom the landlord could have no reasonable objection.

ACTION for declaratory judgment as to rights of parties under lease.

*Chadbourne, Stanchfield & Levy* [*C. Frank Reavis* of counsel], for the plaintiff.

*Nathan Friedman* [*Irving J. W. Marx* of counsel], for the defendant.

TOWNLEY, J.   Plaintiff brings this action to secure a declaratory judgment as to the rights of the parties in respect to subletting or assigning by lessee of a lease of certain store premises on Fulton street, borough of Brooklyn.   The facts alleged in the plaintiff's complaint bring this action clearly within section 473 of the Civil Practice Act, it being brought to secure a judgment declaring the " rights and other legal relations " of the parties to the instrument of lease, as was held on similar lease provisions by Mr. Justice PROSKAUER in the case of *Sarner* v. *Kantor* (123 Misc. 469).   The complaint prays for a declaratory judgment: (1) That the agreement of lease of the aforesaid premises requires the defendant to consent to any assignment or subleasing provision by plaintiff to an assignee or sublessee of financial responsibility for the purpose of using the premises for a lawful business, not similar to any business then conducted on the block of Fulton street between Elm place and Fulton place by any of the tenants or subtenants of the defendant; (2) as consequential relief the plaintiff demands judgment against the defendant in the sum of $30,000, together with the costs and disbursements of this action; (3) and such other and further relief as the court may deem just in the premises.

The lease under consideration was made on or about October 7, 1919, and provides for a store lease for the term of ten years, beginning May 1, 1920, at a certain reserved yearly rental.   Among other things, it is provided in said lease: " This lease is executed and delivered by the landlord upon the conditions and covenants

following, all of which are faithfully to be kept and performed *by the tenant.* * * * The tenant agrees that it will not assign, mortgage, or alienate this lease, nor make any alterations in the leased premises, nor let or underlet the whole or any part of said premises, without the written consent of the landlord, *but the consent to sublet will not be unreasonably withheld.* But at no time will the landlord consent to sublet the premises for any business similar to any other business then conducted on the block on Fulton street between Elm place and Fulton place, by any of the tenants or subtenants of the landlord herein, nor cut, drill into or otherwise disfigure, nor permit the disfigurement of any portion of the building, or obstruct or permit to be obstructed any aisles, passageways, skylights or windows in said building, under the penalty of forfeiture and damages, and that it will not occupy or use the said premises or permit them to be occupied or used for any business other than that above stated, without the like consent under the like penalty." (Italics ours.)

It will be observed that this covenant is one wholly on the part of the tenant, and that nowhere in the lease does the landlord expressly covenant not to withhold his consent unreasonably. The only covenant in the lease is by the tenant not to sublet without the landlord's consent. It is not a covenant by the landlord, but is a qualification of the tenant's covenant. As was held in the English case of *Sear* v. *House Property & Investment Society* (L. R. 1880–1881, 16 Ch. Div. 387), referred to by Mr. Justice PROSKAUER in *Sarner* v. *Kantor* (123 Misc. 469, *supra*), as appears from the syllabus as reported in 50 L. J. N. S. (1881) pt. 1, p. 77: " Among the covenants by the lessee in an indenture of lease was a covenant not to assign without the lessor's previous consent in writing, ' but such consent not to be unreasonably withheld ' : — Held, that the words quoted did not constitute a covenant by the lessor, but a qualification upon the lessee's covenant."

The court in that case stated in its opinion (at p. 79): " On the whole I think that the only fair and convenient result to come to is that this is not a covenant to be enforced or sued upon in damages, but that the non-performance of the stipulation leaves the lessee at liberty, if the license is unreasonably withheld, to deal with his property as he would if no license were required. * * * In this particular case I hold that there is not a covenant by the landlord to give his consent."

Under the clause in the lease now under consideration, as a matter of law, the plaintiff, as lessee, has no action at law for damages for breach of covenant by landlord, as the landlord never covenanted or agreed not to withhold its consent unreasonably. Nor has the plain-

tiff a legal right to demand that the landlord be compelled to consent in writing to a proposed lessee or assignee. The landlord never covenanted or agreed to do so. The landlord's failure to do so and unreasonably withholding his consent relieves the lessee of his covenant — which was to secure the written consent of the landlord to a sublease or to an assignment — and thereupon the lessee, to quote the language of the English case in 16 Chancery Division, 387 (*supra*), as reported in 50 L. J. N. S. (*supra*, p. 79), has the right " to deal with his property [the store premises demised by the lease] as he [the tenant] would if no license were required."

The established rule is that the power of assignment and of subletting is incident to a leasehold estate in the absence of contractual restriction. (*Fleisch* v. *Schnaier*, 119 App. Div. 815.) That is to say, after the refusal of the landlord to give his written consent, the tenant has a right to sublet or assign to any person against whom the landlord could have no reasonable objection, and to make such a sublease or assignment without obtaining the landlord's consent in writing or otherwise.

The question of whether the business of any proposed sublessee or assignee is, as expressed in this lease, " similar to any other business conducted on the block on Fulton street, between Elm place and Fulton place," is a question of fact. (*Peoples Trust Co.* v. *Schultz Novelty & Sporting Goods Co.*, 244 N. Y. 14.) In respect to the Emily Shops, the evidence shows this organization operated eleven stores specializing in the sale of women's sport dresses, together with ladies' dresses of other description. Its financial responsibility is not questioned. The defendant refused to accept the Emily Shops as a subtenant of the store premises in question upon the ground that its business was in conflict and it would produce substantial competition with a major department of the business conducted by Ilson & Co. The uncontradicted evidence establishes that Ilson & Co. has conducted a department store for over fourteen years, occupying the entire five-story building and basement at the corner of Elm place and Fulton street, known as No. 474 Fulton street, and in the adjoining building also occupied the top floor of No. 482 Fulton street and the second floor of No. 480 Fulton street. Ilson & Co. maintain a department for the sale of women's apparel, including dresses, coats, suits and all kinds of sport apparel, which occupied the entire fourth floor of the department store premises. Ilson & Co. also maintained a department for leather goods and luggage, with a complete line of trunks, all kinds of traveling bags and pocketbooks, which department occupied the half of the front of the main store floor

24

Supreme Court, May, 1928. [Vol. 132

and a portion of the basement. Mr. Ilson, the president of Ilson & Co., testified without contradiction concerning the merchandise sold in the Emily Shops: " They handle everything I handle by way of dresses, sport wear, and so forth. In their store on Fulton street, a block away, they handle the kind of dresses we handle and sport wear of the same material we handle at the same general range of prices. The Emily Shops would be the worst competitor of ours they could possibly put adjoining our building."

I consider and hold that the defendant reasonably refused both the Emily Shops and a proposed subtenant named Sol Solomon, who desired to conduct a leather goods and trunk shop in the store premises in question; such refusal of the defendant being justified under the lease provision, " but at no time will the landlord consent to sublet the premises for any business similar to any other business then conducted on the block on Fulton street, between Elm place and Fulton place." As appears from the evidence, a concern known as Sutton Bros. operated several so-called linen stores or shops in and about the greater city, in which was sold embroidery, linen tablecloths, napkins, pillowcases, other linens and imported laces. Upon the testimony in this record, I consider and find that there is no substantial conflict between this business and that of any one else in this block, and that such linen business is " not similar to any other business conducted on Fulton street, between Elm place and Fulton place." I find that the defendant unreasonably refused to accept Sutton Bros. as a subtenant, and waived the question, if any, of their financial ability and of their fitness as tenants in other respects. No suggestion has been made that Sutton Bros. are other than upright, respectable and responsible merchants of ample financial responsibility, and they should have been accepted by this defendant, as landlord, as satisfactory and desirable subtenants.

The defendant, as landlord, has little cause for apprehension in respect to the financial ability of prospective subtenants or assignees. This plaintiff, as lessee, is of unquestioned ample financial responsibility, and, under the long-established rule, unless released by the landlord, the original lessee remains liable for the reserved rent after a sublease or after an assignment of the lease. (*Halbe* v. *Adams, No. 1,* 172 App. Div. 186; *Century Holding Co.* v. *Ebling Brewing Co.,* 185 id. 292; *Gillette Bros.* v. *Aristocrat Restaurant,* 239 N. Y. 87.) In the event that Sutton Bros. are still ready and willing to accept a sublease or an assignment of the demised store premises, the plaintiff is entitled to a declaratory judgment authorizing and permitting the plaintiff, as lessee, to make such sublease or assignment of the demised store premises to Sutton

Bros. without forfeiture of the term of the lease or other action or proceeding against the plaintiff or such subtenants at the hands of the defendant as original lessor, or of the defendant's successors or assigns.   I further find from the evidence that the business of men's clothing or a store selling silk piece goods is not a business " similar to any other business conducted on the block on Fulton street between Elm place and Fulton place."   The declaratory judgment in favor of the plaintiff shall also provide that under the provisions of this lease the plaintiff, as tenant, has a right to sublet or assign to any person against whom the landlord could have no reasonable objection, and after the refusal of the landlord to consent in writing to a sublease or an assignment to such proper person the tenant has a right, without the landlord's consent in writing or otherwise, effectually to make a sublease or an assignment to such proper person without forfeiture of the term of the lease or other action or proceeding at the hands of the lessor.   The plaintiff's complaint, in so far as it demands consequential damages, is dismissed.

A declaratory judgment in favor of the plaintiff is granted in accordance with this opinion, with costs.   The defendant has submitted proposed findings.   Let the plaintiff submit findings and proposed judgment.