ALICE A. ALLEN, Plaintiff, *v.* CARSTED REALTY CORPORATION and Others, Defendants.

Supreme Court, New York County, December 4, 1928.

*Lorenz & Lorenz* [*John F. X. Finn* of counsel], for the plaintiff.

*Russell H. Robbins*, for the defendants Carsted Realty Corporation and others.

FRANKENTHALER, J. The denial of a previous motion to dismiss the complaint herein (223 App. Div. 869) indicates that the court has sanctioned the bringing of an action for declaratory judgment and has taken jurisdiction. Suit was brought primarily to obtain a judicial declaration that defendants' refusal to consent to a proposed sublease by plaintiff for a period of eleven months was unreasonable and, therefore, in violation of the terms of the lease to plaintiff. Apparently through no fault of plaintiff the action has not yet been reached for trial. In the meantime the term of the proposed sublease has expired. Defendants now move for judgment on the pleadings on the ground that the question of the rightfulness or wrongfulness of the withholding of their consent has become academic. Plaintiff counters with the argument that a declaration by the court will serve as a guide to the future conduct of the parties. With this I cannot agree. The reasoning of the Appellate Division clearly implies that the propriety of each refusal to consent to a proposed sublease must depend upon its own peculiar facts and circumstances. The basis asserted by defendants for their unwillingness to approve of the underletting may be justifiable in one instance and not in another. No adjudication as to the reasonableness or unreasonableness of the defendants' conduct in the situation referred to in the complaint can be an authority as to the validity or invalidity of a similar refusal on some other occasion. Plaintiff urges further that the declaratory judgment requested will serve as a basis for coercive relief against the defendants in the form of an assessment of damages. The complaint alleges that the withholding of consent constituted a breach of the lease and that as a result thereof " plaintiff's rights have been seriously impaired, and plaintiff will be irreparably damaged if the consent and approval to the proposed subletting above mentioned continues to be arbitrarily and unreasonably

withheld as aforesaid." In addition to declaratory relief the complaint seeks specific performance of the lease and asks also " that such other and further relief as may be just be granted plaintiff, whether it be declaratory, injunctive, *coercive, consequential or otherwise.*" The prayer for such further relief is expressly authorized. (Rules Civ. Prac. rule 211. See, also Carmody's N. Y. Practice, § 302.) It follows that in this very action the plaintiff has asked for and, should she establish that the refusal of consent was unreasonable, may be awarded damages. The fact that the law's delays subsequent to the commencement of the litigation have made the declaratory judgment of no avail as such ought not to bar the granting of such a judgment as a foundation for the award of coercive or consequential relief either in this action or in another where the decree herein would be *res adjudicata.* (See article by former Justice WAGNER, N. Y. L. J., July 20, 1927; article by Professor Borchard, 28 Yale Law Journal, 105, 149.) It seems to me that the situation here presented is analogous to that occurring in an ordinary equity action where after the inception of the suit it becomes impractical to grant equitable relief. Equitable jurisdiction having been properly invoked in the first instance, the court will retain jurisdiction even though the only judgment it can grant is one for damages. The motion for judgment on the pleadings is denied.