ARNOLD L. OGDEN, Plaintiff, *v.* RIVERVIEW HOLDING CORPORATION, and Others, Defendants.

Supreme Court, New York County, March 19, 1929.

*J. J. Wilberg*, for the plaintiff.

*S. Rothschild*, for the defendants.

COTILLO, J. The defendant Riverview Holding Corporation moves to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

The complaint alleges the leasing for a period of two years of an apartment by the plaintiff from the defendant under a written lease. It is also alleged that the plaintiff entered into an agreement in writing to sublet the apartment to a subtenant who has numerous apartments in the defendant's building and that the plaintiff was required under the lease between him and the defendant to secure the consent of the defendant or its agent in writing, and that the defendant and its agent have arbitrarily and unreasonably refused to give such consent.

The complaint demands that a declaratory judgment be entered determining his rights under the lease and that the withholding of the consent is unreasonable and arbitrary and directing that such consent be given.

Although on this motion all the facts set forth in the complaint must be deemed to be true (*Robinson* v. *Whitaker, Nos. 1–4,* 205 App. Div. 286), nevertheless the complaint must be dismissed as it fails to state facts sufficient to constitute a cause of action.

The plaintiff bases his cause of action upon the authorities of *Sarner* v. *Kantor* (123 Misc. 469); *Butterick Publishing Co.* v.

*Fulton & Elm Leasing Co., Inc.* (132 id. 366) and *Allen* v. *Carsted Realty Corp.* (223 App. Div. 869). The difficulty with plaintiff's contention is that the cases on which he relies were decided upon a different state of facts. In the *Sarner* case and the others cited above, the lease contained a provision that " the consent to sublet will not unreasonably or arbitrarily be withheld." In those cases the rights of the tenant were fraught with uncertainty and doubt and an application for a declaratory judgment was proper. (*Loesch* v. *Manhattan Life Ins. Co.*, 128 Misc. 232; affd., 220 App. Div. 828.) The lease contained a provision against subletting without consent in writing. The provision that the consent should not be unreasonably or arbitrarily withheld was not in the lease. The provision against subletting without consent was a condition of the granting of the lease to the plaintiff and he cannot now be heard to complain. The defendant was under no duty to give its consent and if desired could even arbitrarily and unreasonably withhold its consent. (*Boskowitz* v. *Cohn*, 197 App. Div. 776; *Symonds* v. *Hurlbut*, 208 id. 147.)

Motion granted.