SANKA COFFEE CORPORATION, Plaintiff, *v.* RAMCADIS REALTY CORPORATION, Defendant.

Supreme Court, New York County, May 13, 1930.

*O'Brien, Boardman, Conboy, Memhard & Early* [*Martin Conboy* and *David Asch* of counsel], for the plaintiff.

*Pfeiffer & Crames* [*Frank C. Laughlin* of counsel], for the defendant.

LEVY, J. The lease to the plaintiff provides " that the tenant shall occupy the premises as and for its executive offices and showrooms and salesrooms for the coffee business and the incidental sale of other commodities in the furtherance of the sale of coffee," and " that the upper portion of the building shall be used only for offices and showrooms and the ground floor of the building as and for stores." The defendant's mere failure to object to the utilization of the demised premises for restaurant purposes cannot in itself impose an obligation upon the latter to consent to such structural alterations, changes or improvements as may be necessary to legalize the restaurant use.

The lease expressly prohibits any structural alterations, changes or improvements without the defendant's permission. Although a similar prohibition against subletting is qualified by the proviso that consent shall not be unreasonably withheld, no such limitation qualifies the defendant's right to refuse its sanction with regard to the making of structural alterations, and the latter may, therefore, withhold its approval upon the most arbitrary and unreasonable grounds.

The defendant's acquiescence in plaintiff's operation of the restaurant may estop it from asserting that this constituted a breach of the lease, but I cannot subscribe to the view that the defendant is also precluded thereby from insisting upon its right to forbid the making of structural alterations or improvements. The contention that by refusing to consent to the alterations proposed the defendant is preventing the plaintiff from performing those provisions of the lease which oblige it to comply with the requirements of the bureau of buildings, is obviously founded upon a fallacy. If the plaintiff were employing the premises for the purposes permitted by its lease, no alterations would appear to be necessary to render its occupancy legal and proper. The failure of the defendant — or its predecessor in interest — to object to the restaurant use would seem to be nothing more than an act of grace and certainly should not subject it to penalties and burdens that it never assumed.

Before concluding, it may not be amiss to direct attention to the allegations of the complaint that the premises adjoining on the south those leased to the plaintiff " are in the same control as the defendant corporation, being leased to a corporation known as the Marcadis Realty Corporation controlled by the same interests as the defendant corporation," and that the requirements of the bureau of buildings could be satisfied by utilizing an existing opening in the south wall of the leased premises " if a door were furnished on the *south* side of the wall between the said demised premises and the premises on the south." (Italics mine.) Even if the defendant itself, rather than an affiliated corporation, as alleged, were the owner of the property on the south, it seems to me that there could be no basis in law for imposing upon it an obligation to permit alterations of any character, structural or otherwise, upon premises other than those demised to the plaintiff. The permission to make alterations of a non-structural character in certain contingencies must be limited to the property covered by the lease. It may scarcely be deemed to apply to any and all other premises owned or controlled by the same lessor. Moreover, the complaint demands a declaratory judgment only with regard

to the plaintiff's right to make alterations in the *north* wall of the property occupied by it, and no relief whatsoever is sought in respect to the use of the opening in the *south* wall.

For the reasons indicated I am of the opinion that although the defendant's attitude in refusing its consent may be said to be arbitrary and unreasonable, the complaint fails to state a good cause of action. (See *Ogden* v. *Riverview Holding Corporation*, 134 Misc. 149; affd., 226 App. Div. 882.) The motion to dismiss is accordingly granted, with leave to the plaintiff to plead over within twenty days upon payment of ten dollars costs.