ROBERT G. MANN, Plaintiff, *v.* ESTELLE STEINBERG, Individually and as Administratrix of the Estate of JACOB H. STEINBERG, Deceased, Defendant.

Supreme Court, Special Term, New York County, July 12, 1946.

*Joseph W. Rosenberg* for defendant.

*Philip B. Wershil* for plaintiff.

HECHT, J. Plaintiff sues to recover damages sustained by reason of the alleged unreasonable refusal of defendant's decedent to consent to the subletting of certain premises which ·plaintiff had leased from him.

The lease contained the following clause relative to plaintiff's right to sublet: " And the said Tenant further covenants that the said premises shall be used and occupied only by tenant and members of tenant's immediate family for the purposes of a strictly private dwelling and that tenant will not assign this Lease, mortgage or pledge the same, nor let or underlet the whole or any part of said premises, nor make any alterations therein without the·written consent of the said Landlord, under penalty of forfeiture and damages  *  *  *."

Later, in the body of the lease, under the heading " Additional Clauses ", there appear several typewritten clauses, one of which provides: " Sub-lease — tenant is permitted to sublease for all or part of the unexpired term if consent of landlord obtained. Consent of landlord is not to be unreasonably withheld."

A covenant in a lease giving the tenant the right to sublet or assign the lease, is a covenant of the tenant and the further statement that the landlord will not unreasonably withhold his consent to such subletting, is a qualification of the tenant's covenant and not a covenant of the landlord. Because of this the unreasonable withholding of consent by the landlord does not give the tenant a cause of action for money damages (*Sarner* v. *Kantor*, 123 Misc. 469; *Butterick Pub. Co.* v. *Fulton & Elm Leasing Co., Inc.*, 132 Misc. 366). The tenant's remedy is to disregard the negative covenant (*Sear* v. *House Property and Investment Society*, 16 Ch. D. 387), or by an action in equity for a declaratory judgment to permit such subletting. It is immaterial that in the instant case the typewritten clause relative to the landlord's consent to subletting did not follow the printed covenant against subletting.

Defendant's motion for summary judgment is granted. Settle **order.**