GREGORY BANOS, Plaintiff, *v.* SIDNEY WINKELSTEIN et al.,
Defendants.

Supreme Court, Special Term, Onondaga County, April 22, 1948.

*Saul H. Alderman* for plaintiff.

*Driscoll, Mathews & Gingold* for defendants.

Bastow, J. This action is brought to procure a declaratory judgment as to the rights of the parties in respect to the lease of certain store premises on East Genesee Street in the city of Syracuse.

The lease under consideration was made on November 20, 1946, between Ace Realty Corporation and the defendants for the term of five years commencing on July 1, 1947, at a monthly rental of $225 for the first two years and $250 for the last three years. The lease demised to the defendants " the corner store and that part of the basement known as Lockers 1, 2 and 3 against the north wall of the Biltwell Apartment House known as 950 East Genesee Street, Syracuse, New York, such premises to be used for making and retailing of ice cream, lunches, cigars, cigarettes, confectioneries, and such items generally sold in a store of this character, together with the privilege of selling legal beverages for off-premises consumption * * *."

Paragraph 14 of the lease further provided that the landlord covenanted and agreed that it " will not rent any other store in the same building where the demised premises are located for the same business mentioned in this lease, during the term of said lease."

Subsequently, the plaintiff purchased the entire property and on September 25, 1947, the lease was assigned to the plaintiff by the former owner. The apartment house consists of nine apartments and two stores in addition to the one occupied by the defendants.

It appeared upon the trial that one of the stores is vacant and the plaintiff proposes to use the space for a restaurant and to apply for a license to sell alcoholic beverages therein. When the defendants were informed of this plan they objected

and informed plaintiff that he had no right to operate a restaurant and bar on the premises because of the quoted provisions of the lease. The defendants threatened to seek injunctive relief if the plaintiff proceeded with his planned action.

The plaintiff is engaged in the restaurant business and operates two well-known and apparently successful restaurants in Syracuse. He proposes to spend several thousands of dollars in remodeling the store and installing therein modern restaurant and bar equipment and furnishings.

The facts alleged in the complaint and proved upon the trial bring this action within section 473 of the Civil Practice Act. The real value of declaratory judgment lies in the fact that in cases coming within its scope parties are enabled to have their rights and obligations determined without either of them being obliged to assume the responsibility and the risk of acting upon his view of the matter and thus repudiating what may subsequently be held to be his obligations or violating what may be held to be the other party's rights. (16 Am. Jur., Declaratory Judgments, § 7, pp. 281–282.)

The question is thus presented as to the right of the plaintiff to use the adjacent store for a restaurant and grill for the sale of food and meals and for the sale of alcoholic beverages to be consumed on the premises in view of the lease provision that the store would not be rented during the term of defendant's lease for the same business mentioned in the lease.

The business conducted by the defendants includes among other things the making and retailing of ice cream, lunches, cigars and cigarettes. The defendants have carried on their business at the present location for about four years. The leased premises are furnished with twelve stools in front of a soda fountain counter, two tables with chairs and four booths along the west side of the store. For the purpose of serving lunches or meals the defendants have in the store a two-burner range, steam table, griddle, electric refrigerator and cold meat case. The store is open from six thirty o'clock in the morning until midnight. Working in the store are four part-time employees in addition to the two defendants. On the average 100 to 150 breakfasts are served and about 100 lunches. A large variety of soups, sandwiches, salads, eggs, meats and ice cream are on the menu. Each day one or two hot dishes are served for lunch.

The obvious purpose of the provision in the lease prohibiting the use of any other store for the same business as that conducted by the defendants was to prevent competition that might damage or destroy the defendants' business. In plaintiff's proposed restaurant certainly he would be in the business of

selling lunches and undoubtedly would sell ice cream, cigars and cigarettes. Thus, plaintiff would be directly competing with the defendants on four of the five items specifically mentioned in the lease as the business of the tenants.

The plaintiff relies upon *Peoples Trust Co.* v. *Schultz Novelty & Sporting Goods Co.* (244 N. Y. 14). In that case the tenant was engaged in the business of " toys, sporting goods and kindred articles " with a lease provision that no portion of the premises would be let for the use of any business of the same or similar nature as that conducted by the tenant. A dispute arose because of a lease to subtenants of a portion of the premises as a retail haberdashery upon condition that no merchandise be sold similar to that sold by the tenant. Complaint was made by the tenant because the subtenants along with the haberdashery business sold bathing suits, belts and sweaters which came under the classification of " sporting goods and kindred articles." The rule was laid down by the court that the purely incidental and occasional sale of sporting goods by the subtenants would not be a breach of the agreement not to carry on a competing business but if the sale of sporting goods was a distinct branch of the competing business the subtenants were to that extent carrying on the same business whether on a large or small scale.

Applying this rule to the instant case it might be found that the sale by plaintiff in his proposed restaurant of ice cream, cigars and cigarettes would be incidental to the main business. Certainly, however, the plaintiff in selling meals, including lunches, would be carrying on a distinct branch of a competing business and to that extent would be carrying on the same business as the defendants.

The question of whether the operation of a restaurant as proposed by the plaintiff is, as expressed in the lease, " the same business mentioned in this lease " is a question of fact. (*Peoples Trust Co.* v. *Schultz Novelty & Sporting Goods Co.,* 244 N. Y. 14, *supra*; *Butterick Pub. Co.* v. *Fulton & Elm Leasing Co.,* 132 Misc. 366.)

It is found that the use by the plaintiff of the adjacent store for a restaurant and grill for the sale of food and meals would be a violation by the plaintiff of the covenant contained in paragraph 14 of the lease. (See *Waldorf-Astoria Segar Co.* v. *Salomon,* 109 App. Div. 65; *Humphrey* v. *Trustees of Columbia Univ.,* 228 App. Div. 168; *South Buffalo Stores* v. *Grant Co.,* 153 Misc. 76.)

The fact that plaintiff does not plan to rent the store but would himself use it is no escape from the inhibitions of the covenant. (*Goldberg* v. *Siegel,* 182 Misc. 1068.)

If the plaintiff may not establish a bona fide restaurant he can not under the provisions of the Alcoholic Beverage Control Law seek a license to sell alcoholic beverages at retail for consumption on the premises. (Alcoholic Beverage Control Law, §§ 55, 64.) It is unnecessary, therefore, to consider whether paragraph 14 of the lease would prevent the sale of alcoholic beverages in the store adjacent to defendants' place of business.

The plaintiff in his prayer for relief in the complaint asks for declaratory judgment as to the right of defendants for injunctive relief to prevent plaintiff from carrying out his intention of establishing a restaurant in the adjacent store. The court will not pass upon this question. The declaration made herein has the force of a final judgment. If the defeated party defies the court's declaratory judgment, the successful party may obtain coercive relief by a further action for a coercive judgment.

Judgment should be granted in favor of the defendants, declaring that the provisions of the lease dated November 20, 1946, prevent, prohibit and preclude the plaintiff from establishing a restaurant or grill in any store in the same building in which the premises leased to defendants are located.

Submit findings.