G. Robert Witmer, J.
Defendant has moved to dismiss the complaint herein, and if that be denied, to vacate a notice by the plaintiff to examine before trial an officer of the defendant. There are two causes of action alleged. In the first, plaintiff seeks damages against defendant for breach of an alleged covenant in a lease that it would not unreasonably withhold its consent to an assignment or subletting of the leased premises by plaintiff; and in the second cause of action plaintiff seeks damages from defendant for unlawful interference with plaintiff’s contract of assignment or subletting to a third party.
The plaintiff consents to the dismissal of the second cause of action, with leave to amend; and defendant’s motion to dismiss it is granted, subject to the privilege granted to the plaintiff to serve an amended complaint with respect to such *510 cause of action within 10 days after entry and service of the order hereon.
With respect to the first cause of action, defendant contends that the clause in the lease providing that it will not unreasonably withhold its consent to a subletting or assignment, was merely a negative covenant, and only qualified the landlord’s right with respect to any proposed assignment. It is urged that the tenant’s sole rights under such a clause are (1) to assign without the consent, and leave the question as to the landlord’s reasonableness to a court for determination if the landlord seeks to vitiate the assignment, (2) to seek specific performance of the covenant, or (3) to secure a declaratory judgment. Defendant relies upon Mann v. Steinberg (188 Misc. 652) and the two cases cited therein, and also upon Gruman v. Investors Diversified Services, Inc. (Minn.; 78 N. W. 2d 377) and Lawson v. Callaway (131 Kan. 789, 791).
There is a dearth of law on this subject in New York. Undoubtedly it is the law of this State that where there is a provision against assignment of a lease without the landlord’s consent, he may withhold such consent for any or no reason. (Boskowitz v. Cohn, 197 App. Div. 776; Symonds v. Hurlbut, 208 App. Div. 147; Ogden v. Riverview Holding Cory., 134 Misc. 149, affd. 226 App. Div. 882.) The provision against assignment without consent which confronts us here has an additional clause in it, to wit, that the landlord will not unreasonably withhold its consent. In some of the cases relied upon by defendant, the court held that covenants of that nature were negative, and did not give to the tenant a cause of action against the landlord for damages. There is, however, law to the contrary, particularly with respect to a covenant phrased as it is in the lease at bar, namely, “ Tenant shall not sublet or assign without written consent of landlord and such consent will not be unreasonably withheld.” (Italics added.)
Such an express covenant has been held to support a cause of action by the tenant against the landlord for damages for loss resulting from its breach by the landlord. (Broadway & 94th St. v. C. & L. Lunch Co., 116 Misc. 440, 446, revd. on other grounds, 119 Misc. 486; 2 N. Y. Law of Landlord and Tenant, § 524.) A contrary holding would be inconsistent with general rules of contract, and there appears to be no matter of policy which requires a different rule in this situation. The courts of other States have so ruled. (Broad & Branford Place Cory. r. J. J. Hockenjos Co., 132 N. J. L. 229; Underwood Typewriter Co. v. Century Realty Co., 220 Mo. 522; Hedgecock v. Mendel, 146 Wash. 404, 412; Gelino v. Swannell, 263 Ill. App. *511 235, 237, 242.) The Kansas and Minnesota eases (supra), relied upon by defendant are not in point. The case of Broad & Branford Place Corp. v. J. J. Hockenjos Co. (132 N. J. L. 229, 235, supra), is so applicable here, and so clearly disposes of the issue, that a substantial portion of the opinion is adopted and quoted, as follows: “ Citing the cases of Sarner v. Kantor, 205 N. Y. Supp. 760, and Butterick Publishing Co. v. Fulton & Elm Leasing Co., Inc., 229 N. Y. Supp. 86, the landlord also urges that the covenant in question ‘ is not made by the landlord but is merely a qualification of the tenant’s own covenant not to assign or sublet without the written consent of the lessor ’. The point is not well taken.
1 ‘ There is a covenant in the words ‘ which consent shall not be unreasonably withheld ’. The phrase is not merely restrictive of the character and nature of the tenant’s covenant, i.e., that it was not to operate at all if the assent of the landlord be arbitrarily withheld. A peremptory duty was thereby laid upon the landlord to act when his consent was invoked, and to be governed therein by the standard of reason. That was his undertaking by language not fairly susceptible of the contrary interpretation; and he is liable in covenant for a breach thereof. A construction contra would reverse the operation of the covenant, assessing its content by the normal usage of the terms. Strictly, a covenant is an agreement by deed to do or not to do a particular act. At common law, the term ‘ covenant ’ implies an agreement executed under seal. The question is one of intention; technical nicety of expression is not the determinative. The precise form of a covenant or agreement is of no consequence if the intention is reasonably clear. 14 Am. Jur. 485 et seq. The obvious purpose should not be defeated by a narrow and technical construction of the language used. The arrangement of the covenants is not of controlling significance; the intention is to be gathered from the instrument as a whole. And the terms are to be most strongly construed against the party using them. It is sufficient if they import an agreement to perform, or not to perform, a specified act. Where the language of a deed explicitly reveals a purpose to impose an obligation upon one of the parties thereto, it takes the category of a covenant; and this is so here.”
Submit order denying motion to dismiss the first cause of action and denying motion to vacate plaintiff’s notice to examine before trial an officer of defendant with respect to items 1 and 2 of the notice, and otherwise granting defendant’s motion to vacate plaintiff’s notice to examine.