ARLU ASSOCIATES, INC., Appellant, *v.* LEO ROSNER, Respondent.

First Department, October 26, 1961.

*George Weisbrod* of counsel (*Weisbrod & Epstein,* attorneys), for appellant.

*Philip Robbins* of counsel (*William Auerbach* with him on the brief; *Robbins & Robbins,* attorneys), for respondent.

STEVENS, J. This is an appeal from a judgment which dismissed the complaint for insufficiency.

The question to be determined is whether a tenant may bring an action for damages for breach of contract against the landlord for unreasonably withholding consent to an assignment of a lease.

The defendant landlord is the owner of a hotel which it leased to the plaintiff's assignors. The lease in question stated: " 38. Article 10 of this lease with respect to assignment is hereby modified to the extent that tenant shall have no right to assign this lease without the written consent of the landlord first obtained until such time as the alterations recited in Article 5 of this lease are completed to the satisfaction of the landlord but that thereafter should there be an assignment in accordance with Article 10 of this lease, that the landlord agrees not to unreasonably withhold his consent to such an assignment."

The law in New York is clear that where there is merely a provision against assignment without the landlord's consent, such consent may be refused for any or even no reason. (*Symonds* v. *Hurlbut,* 208 App. Div. 147, cited in *Durand* v. *Lipman,* 165 Misc. 615, 621.) But the authorities are in conflict as to whether an action for money damages may be maintained where the lease provides that the landlord will not unreasonably withhold his consent to an assignment, and the complaint alleges that the landlord's consent was unreasonably withheld.

In *Mann* v. *Steinberg* (188 Misc. 652) upon which defendant-respondent relies, the lease involved provided, in part: " ' Sub-

lease — tenant is permitted to sublease for all or part of the unexpired term if consent of landlord obtained. Consent of landlord is not to be unreasonably withheld.'" This provision followed upon an earlier clause in which the tenant covenanted, *inter alia,* not to assign, sublet, make alterations, etc., without the written consent of the landlord. The plaintiff sued to recover damages by reason of the alleged refusal to consent to a subletting of the premises. The court dismissed the complaint, holding that the covenant giving the tenant the right to sublet or assign is a covenant of the tenant, and the statement that the landlord will not unreasonably withhold his consent " is a qualification of the tenant's covenant and not a covenant of the landlord " (p. 653). The court cited the earlier cases, *Sarner* v. *Kantor* (123 Misc. 469) and *Butterick Pub. Co.* v. *Fulton & Elm Leasing Co.* (132 Misc. 366) in ruling that an action for money damages would not lie.

The cases cited by the court followed the English rule established in *Treloar* v. *Bigge* ([1873], L. R. 9 Ex. 151) and *Sear* v. *House Property & Inv. Soc.* ([1880] 16 Ch. D. 387). Those cases looked to the agreement as a whole and held that the covenant not to assign or sublet was given by the tenant, and the statement of the landlord not to unreasonably withhold consent to assign was merely a qualification of the tenant's covenant. From this it was concluded that an action for money damages would not lie and tenant's remedy was to disregard the covenant or to seek a declaratory judgment or specific performance in equity.

In *Singer Sewing Mach. Co.* v. *Eastway Plaza* (5 Misc 2d 509, 510) relied upon by plaintiff-appellant, the lease contained a provision " such consent will not be unreasonably withheld." The court examined the authorities and concluded that such a covenant would support a cause of action by the tenant against the landlord for damages.

The instant case may be distinguished from the *Mann* case (*Mann* v. *Steinberg,* 188 Misc. 652, *supra*), for in the case before us, the provision against assignment is expressly modified to provide that the tenant shall have no right to assign the lease without the landlord's written consent until certain specified alterations are completed satisfactorily, and that thereafter the landlord " agrees " such consent will not be unreasonably withheld. Whether the word " agrees " or the word " covenants " is used, in the context in which it appears here, it may reasonably be held that the landlord made an affirmative commitment, based upon the performance of a condition precedent.

It is questionable if the rule stated in *Mann* v. *Steinberg* (*supra*), would be controlling today, or even if it is correct under

basic contract principles. Under such principles the precise form of an agreement or covenant is of no consequence if the intention of the parties is reasonably clear. In this case the consent, or the agreement not to unreasonably withhold such consent, would seem to be conditioned upon the completion of alterations (recited in art. 5) to the satisfaction of the landlord. To rely upon technical syntax, nicety of expression or semantics as determinative, would seem to defeat the intention of the parties as expressed in the lease, and be contrary to the modern concept of contract law.

The view that tenant's remedy is to make the assignment despite the absence of the landlord's consent has little to recommend it in light of present day business conditions. Purchasers of large commercial leases are interested in buying businesses, not lawsuits.

In the case at bar the intention of the parties, as derived from the language of the lease, is that tenant bargained for his right of assignment upon compliance with certain conditions, and that the landlord upon such compliance agreed not to withhold such consent without some valid reason therefor.

If the sole question to be resolved was whether the tenant or tenant's assignee, under the conditions here existing, could maintain an action for damages, we should hold in the affirmative. However, the complaint is subject to certain deficiencies which must be corrected before it can be sustained. The complaint fails to allege performance of the conditions precedent (Rules Civ. Prac., rule 92).

Accordingly, the order appealed from should be modified on the law and in the exercise of discretion, to the extent of granting leave to replead, and the judgment entered thereon vacated and set aside, with costs to plaintiff-appellant.

BREITEL, J. P., VALENTE, McNALLY and STEUER, JJ., concur.

Order entered on April 26, 1961 unanimously modified, on the law and in the exercise of discretion, to the extent of vacating the judgment with leave to the plaintiff to serve an amended complaint within 20 days after service upon it of a copy of the order entered herein, with notice of entry, and, as thus modified, affirmed, with $20 costs and disbursements to plaintiff-appellant.