■ DRESS SHIRT SALES, INC., et al., Respondents, v. HOTEL MARTINIQUE ASSOCIATES, et al., Appellants, et al., Defendant.— Order entered on September 12, 1961 unanimously reversed on the law, with $20 costs and disbursements and the motion for summary judgment, made pursuant to rule 113 of the Rules of Civil Practice, granted, with $10 costs to the appellants. This determination is without prejudice to any action respondent may be advised to bring based upon any tenable theory not included in the present pleading. Respondent tenant, the occupant of certain premises owned by appellant, moved out while its lease was still operative. Respondent offered a prospective tenant to the appellant landlord, which was refused, and thereafter respondent paid a consideration of $30,000 for cancellation of its lease. Approximately 16 days later appellant entered a new lease with the prospect produced by respondent and the associates of such prospect. Respondent instituted this action, seeking recovery of the $30,000 and rent paid subsequent to the introduction of the prospective tenant to appellant. The lease contained a valid provision against oral modification or waiver (Real Property Law, § 282, subds. 1, 5), and also a blanket provision against assignment or subletting without the written consent of the landlord. Under the provision prohibiting assignment without landlord's written consent the landlord could refuse to cancel the lease for any reason or no reason at all (*Ogden* v. *Riverview Holding,* 134 Misc. 149, affd. 226 App. Div. 882; *Symonds* v. *Hurlbut,* 208 App. Div. 147). Or landlord could, as was done here, condition the cancellation upon payment of a specified sum (*Durand* v. *Lipman,* 165 Misc. 615, 621). Whatever might be the view as to the moral aspect of appellant's conduct, it is clear that there was no legal obligation breached by the execution of the new lease. Respondent had not been induced by appellant to vacate the premises, but had moved out of its own accord, and the lease between appellant and respondent had been cancelled when appellant entered into a lease with its new tenant. Concur — Breitel, J. P., Valente, Stevens, Eager and Steuer, JJ.