Chief Judge Desmond (concurring).
I concur for affirmance but I cannot agree that these facts make out any of the elements of a cause of action in fraud. The terms of the lease gave the landlord a complete and perfect right to refuse consent to a sublease. Since the courts give relief against actionable wrongs only and not against improprieties or unsportsmanlike conduct, we simply have no function at all in the premises. If this lease had contained the familiar provision (see authorities cited in Ogden v. Riverview Holding Corp., 134 Misc. 149) that “the consent to sublet will not unreasonably or arbitrarily be withheld ”, then plaintiffs could try out the issue as to the reasonableness of defendants’ conduct. But the provision in this lease against subletting without consent was a clearly legal term of the grant and once the lease was signed the tenant was bound by it under all circumstances. Since the landlord did not have to give any reason for refusal to consent, no legal consequences flow from any false statement as to its reason for refusal. The tenant chose, for its own purposes, to move out but it remained liable for $75,000 rent for the balance of the term. When the landlord accepted $30,000 in exchange for a release of this obligation, the tenant necessarily knew that the landlord contemplated re-renting the property and the landlord’s right so to re-rent it thereafter was unconditional.
Judges Dye, Fxjld, Van Vookhis and Scileppi concur with Judge Burke; Chief Judge Desmond concurs in a separate opinion in which Judge Foster concurs.
Judgment affirmed.