155 So.2d 637 (1963)
TULIP REALTY CO. OF FLORIDA, Inc., a Florida corporation, Appellant,
v.
Carl H. FUHRER, Appellee.
No. 3856.
District Court of Appeal of Florida. Second District.
July 26, 1963.
Rehearing Denied August 21, 1963.
*638 Norman M. Sevin of Aronovitz, Aronovitz & Haverfield, Miami, for appellant.
No appearance for appellee.
KANNER, Acting Chief Judge.
Asserted insufficiency of the element of doubt to activate the Declaratory Judgments Act, sections 87.01 et seq., Florida Statutes, F.S.A., is brought into focus through a single appeal point on this interlocutory appeal, directed by defendant-appellant, Tulip Realty Co. of Florida, Inc., lessor, against the lower court's order denying its motion to dismiss the styled second amended petition of plaintiff-appellee, Carl H. Fuhrer, lessee, for failure to state a cause of action for which relief may be granted.
Essentially, appellee alleges in his second amended petition that on January 20, 1958, the parties entered into a ten-year lease agreement, paragraph 2(c) of which provides:
"That he will not either voluntarily or involuntarily assign or sublet or license to any licensee the whole or any part of the demised premises without the written consent of the Lessor. Such consent shall be required in each instance, and, if once granted, shall not excuse or relieve the Lessee or his assignee from thereafter, in each instance, again being required to obtain such consent. Lessor agrees not to unreasonably withhold such consent."
Other allegations assert in effect that around April 17, 1962, appellee requested and was arbitrarily and unreasonably refused appellant *639 lessor's consent to assign his leasehold interest in the leased property, whereon he operates a drugstore, to Eastgate Pharmacy, Inc., one half of the capital stock of which is owned or controlled by himself and one half by another; that both he and the latter are registered pharmacists experienced in operating a retail drug and sundry business; that all information had been furnished appellant as to financial stability of the proposed assignee; and that, in the event of default by the latter, appellee would not be relieved of liability. It is additionally set out that the lease is in full force and effect between the parties, that appellee feels he could but is uncertain of his right to assign without consent, and that an actual controversy and dispute has arisen between the parties. The rights, status, and legal relationship between appellee and appellant under and by virtue of the terms of the lease above set forth are said to be in doubt, uncertain, and insecure due to refusal of appellant to consent to the assignment. The relief prayed for is a declaration and adjudication as to appellee's right to assign.
It is the position of appellant lessor that the second amended petition alleges no doubt sufficient to put in motion the Declaratory Judgments Act but that at most it raises a question of fact as to the reasonableness of the withholding of consent with no uncertainty as to the meaning and interpretation of the language of the lease.
A provision in a lease that a lessor will not unreasonably withhold his consent to sublet does not appear to have presented an issue decided in the Florida jurisdiction. Construction of leases, however, has been a favorite subject for declaratory judgments. 9 Fla.Jur., section 32, page 578. It is provided in section 87.02, Florida Statutes, F.S.A., with reference to power to construe, that "Any person claiming to be interested or who may be in doubt as to his rights under a deed, will, contract or other article, memorandum or instrument in writing * * * may have determined any question of construction or validity arising under such * * * contract, deed, will, franchise, or other article, memorandum or instrument in writing, or any part thereof, and obtain a declaration of rights, status or other equitable or legal relations thereunder." A written lease is such an instrument as is contemplated by the quoted section.
The test recognized in this state of whether or not a complaint will give rise to a proceeding under the Declaratory Judgments Act inquires whether or not the party seeking a declaration shows that he is in doubt or is uncertain as to existence or nonexistence of some right, status, immunity, power, or privilege and has an actual, practical, and present need for a declaration. There must be a bona fide controversy, justiciable in the sense that it flows out of some definite and concrete assertion of right, and there should be involved the legal or equitable relations of parties having adverse interests with respect to which the declaration is sought. Ready v. Safeway Rock Co., 1946, 157 Fla. 27, 24 So.2d 808; May v. Holley, Fla. 1952, 59 So.2d 636; Colby v. Colby, Fla.App. 1960, 120 So.2d 797; 9 Fla.Jur., Declaratory Actions, sections 8 and 9, pages 552-554.
In controverting the propriety of a declaratory action in the light of that which has been alleged, appellant relies upon two cases decided by the Supreme Court of Florida, Halpert v. Oleksy, Fla. 1953, 65 So.2d 762; and Barrett v. Pickard, Fla. 1956, 85 So.2d 630; along with a district court's decision in Olin's, Inc. v. Avis Rental Car System of Florida, Inc., Fla.App. 1958, 102 So.2d 159, (for later proceeding see Fla. 1958, 104 So.2d 508). In the Halpert case, the Declaratory Judgments Act was deemed unavailable where the leased premises had burned down and cancellation of the lease admitted by both parties, where there was no request raised of lessees' right to a return of their deposit under the terms of the lease except and because of damages claimed by each of the parties based upon alleged *640 breaches of various terms of the lease. The court found no doubt asserted by either party as to the terms or meaning of any provision of the lease and found in the lease itself no provision doubtful in meaning, uncertain, or ambiguous. Stating that there was no question of construction of any term of the written lease for the circuit court to determine, the Supreme Court continued by saying that doubt, because of disputed facts alone, is not sufficient, "especially when the only relief sought is damages." (Emphasis added.)
The second case, Barrett v. Pickard, supra, concerns a situation where the real dispute appeared to be who breached the lease first, the amount of damages due for the breach, and the amounts due for rent and other sums required to be paid by the respective parties under the terms of the lease. The terms of the lease were found to be clear and unambiguous and plaintiffs failed to allege with particularity what doubt existed as to their rights or status or which terms of the lease caused them to be in doubt as to their rights, status, or relationship with the defendant. The court cited the Halpert v. Oleksy case as controlling, reiterating that doubt because of disputed facts alone is insufficient to invoke the provisions of the Declaratory Judgments Act.
Clearly, the Halpert and Barrett cases are distinguishable from the one at bar; nor can it be said that there is any difference in applicability of Olin's, Inc. v. Avis Rental Car System of Florida, Inc., supra. It must be understood that each of the two Supreme Court cases concerned questions purely of fact involving recovery of damages for claimed breach of lease provisions with no necessity for construction of any part of the lease. Here, appellee, through his allegations, has pleaded facts to show an issue involving a privilege under a specific provision of the lease agreement which he avers leaves him in uncertainty and doubt as to his rights. That provision does not just say that the lessee cannot assign or sublet without consent of the lessor and stop there but continues with the provision that the lessor agrees "not to unreasonably withhold such consent"; neither does the provision spell out nor give any hint of what is meant by the word "unreasonably" as between the lessor and the lessee. This is a term which, by lessor's interpretation, might comprehend a wider range of unspecified situations than would be covered by lessee's understanding of it, absent any specification which would narrow and circumscribe its construction.
Reasonableness or unreasonableness of withholding by a lessor of consent to a sublease under the terms of a lease contract has been considered by certain authors with particular reference to availability or value of a declaratory proceeding to determine the question. Anderson, Actions for Declaratory Judgments, Vol. 2, section 609, page 1369, indicates that the sounder view for this type of case is that the court will make a declaration with respect to assigning or subletting under a lease. Borchard, in Declaratory Judgments, 2nd Edition, pages 612 through 616, says that such a clause in a lease demonstrates the exceptional value of declaratory judgment. This author expresses the view that the time to ascertain the lessor's reasonableness or unreasonableness in withholding consent is before the sublease or assignment has been carried into execution, with the interests of all parties being conserved until such time as the clarifying light of a court's judgment becomes available. For the lessee to pursue another course would expose him to the peril of forfeiture, the foregoing of a desirable and perhaps essential sublease, the possibility of having to move out to maintain a suit advantageously, and liability to damages if the lessor is right.
In the New York jurisdiction, a declaration by the court was held to be the appropriate remedy where the lease contained the provision that the consent to sublet would not unreasonably be withheld. Sarner v. Kantor, 1924, 123 Misc. 469, 205 N.Y.S. 760; Butterick Pub. Co. v. Fulton & Elm Leasing Co., 1928, 132 Misc. 366, 229 N.Y.S. 86; Allen v. Carsted Realty Corp., 1928, *641 223 App.Div. 869, 229 N.Y.S. 829, (see later proceeding 1928, 133 Misc. 359, 231 N.Y.S. 585). The court in the later case of Ogden v. Riverview Holding Corporation, 1929, 134 Misc. 149, 234 N.Y.S. 678, 679, affirmed 1929, 226 App.Div. 882, 235 N.Y.S. 850, considered a lease which contained a provision against subletting without consent in writing but did not contain the provision found in the above cited cases that the consent should not be unreasonably withheld. Pointing up this distinction and rejecting declaratory proceeding, the court continued that in the three prior cases, the rights of the tenants were fraught with uncertainty and doubt and an application for declaratory judgment was proper. See Annotations under heading "Leases; landlord and tenant generally." 68 A.L.R., pages 122-124; 87 A.L.R., pages 1228-1229; and under "Sublease  Consent  Arbitrary Refusal," 31 A.L.R.2d, section 4, pages 835-838.
It may be observed that the purpose of the Declaratory Judgments Act, as stated in section 87.11, Florida Statutes, F.S.A., is to settle and to afford relief from insecurity and uncertainty with respect to rights, status, and other equitable or legal relations; and the act itself is to be "liberally administered and construed." Upon a motion to dismiss, predicated upon insufficiency of the complaint to state a cause of action entitling the pleader to declaratory relief, all well pleaded allegations must be taken as true. The test of sufficiency of a complaint in such a proceeding is not whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention but whether he is entitled to a declaration of rights at all. 9 Fla.Jur., Declaratory Actions, section 47, page 590. Thus, sustaining of the adequacy of the complaint only lays the foundation for the case to be heard upon its merits and does not connote a determination as to who should prevail.
By the allegations of the petition here scrutinized, the lease is alive, in full force and effect; no money judgment is sought; the relief prayed for is a declaration determining the question of appellee's right to assign under the lease. Under the broad language utilized, there emerges, not a question of doubt restricted to disputed facts alone, but a combined question of fact and of uncertainty with respect to what is meant by the lease provision as it concerns the legal rights of the parties. Thus, the instrumentality of the Declaratory Judgments Act is appropriate, not only when measured by the tests recognized in this jurisdiction for its activation, but because it lends itself with a greater degree of practicality to resolution of the question presented.
Affirmed.
ALLEN and SHANNON, JJ., concur.