I. Stanley Rosenthal, J.
In this action in which an agreed statement of facts was presented to the court in lieu of the trial, the essential facts are that the Milgrims rented an apartment from the petitioner for a term of five years beginning October 1, 1966 and ending September 30, 1971. The tenant husband died in February of this year and the tenant wife continued in possession and was accepted as the tenant by the petitioner. The terms of the lease provided that the tenants shall not sublet or assign the said lease without the written consent of the landlord. However, it also provided that such consent shall not be unreasonably withheld. In August of this year the tenant wife requested the consent of the landlord to sublet to a named husband and wife as a residence and submitted several good references showing that the proposed subtenants were people that should be acceptable to the landlord. The landlord refused to grant such a consent for the sole reason that a certain Oscar Wind, an officer of the landlord corporation, to wit its treasurer, required the apartment premises for the personal use and occupancy of himself and his wife and that said Oscar Wind intended so to occupy the apartment.
The court finds that the petitioner landlord withheld its consent to the subleasing of the apartment by the tenant Milgrim to the subtenants Goodman unreasonably and arbitrarily and, therefore, that the actions of the tenant Milgrim in subletting the apartment to the subtenants Goodman were legal and permitted under the case law on this subject in this State.
In Butterick Pub. Co. v. Fulton & Elm Leasing Co. (132 Misc. 366, 371) the court in passing upon the construction of an identical clause stated that ‘‘ the plaintiff, as tenant, has a right to sublet or assign to any person against whom the landlord could have no reasonable objection, and after the refusal of the landlord to consent in writing to a sublease or an assignment to such proper person the tenant has a right, without the landlord’s consent in writing or otherwise, effectually to make a sublease or an assignment to such proper person without forfeiture of the term of the lease or other action or proceeding at the hands of the lessor.” (See, also, Mann v. Steinberg, 188 Misc. 652; Singer Sewing Mach. Co. v. Eastway Plaza, 5 Misc 2d 509; Arlu Associates v. Rosner, 14 A D 2d 272.)
*120 Except for the incorporation in the lease of the statement that the landlord would not unreasonably withhold his consent to subletting or assignment, if such subletting were forbidden without the written consent of the landlord, he could arbitrarily for any reason at all or no reason withhold such consent and the tenant could not be heard to complain. However, where he has agreed not to withhold such consent unreasonably and does so, as in the instant case, the tenant has the right to make such a sublease or assignment.
Judgment is accordingly rendered in favor of the respondent tenants and the petition of the petitioner landlord is dismissed.