540 P.2d 1149 (1975)
Sarah D. CARLENO, as Administratrix of the Estate of John E. Carleno, Deceased, Plaintiff-Appellant,
v.
VOLLMERT TIRE COMPANY, a Colorado Corporation and Harold Guest, Defendants-Appellees.
No. 75-145.
Colorado Court of Appeals, Div. I.
September 23, 1975.
*1150 Irvin L. Mason, Durango, for plaintiff-appellant.
Hamilton, Sherman, Hamilton & Shand, P.C., E. B. Hamilton, Jr., Durango, for defendants-appellees.
Selected for Official Publication.
ENOCH, Judge.
This is an appeal from a judgment which upheld the assignment and sublease of a commercial lease and the validity of an option to purchase contained in said lease. We affirm.
In April 1972, John E. Carleno, the owner of a parcel of real property in Durango, Colorado, drafted and entered into a lease with Vollmert Tire Co. for the larger part of the building on the property. The lease contains two provisions which are involved in this case:
"(1) It is further agreed that the lessee shall have the right to assign this lease or any part thereof of the premises, or to sublet all or any part of the premises covered hereby after first getting written permission thereto from the lessor, it being expressly understood that same is made to any party of good reputation, character, and that the use of the building is not generally offensive or damaging in any way to the building located on the premises . . ..
(2) It is further agreed that at any time prior to April 1, 1977, and within ninety (90) days following April 1, 1977, the lessee, only, shall have an option to purchase all the entire building at a total purchase price of ONE HUNDRED TEN THOUSAND AND NO/100 ($110,000), said sum of money, being the total purchase price, and shall be paid to the lessor by the lessee under the following terms and conditions . . .."
Vollmert Tire Co. conducted a business selling motorcycles on the premises, and in April 1973, Vollmert entered into an agreement to sell the business and assign or sublet the lease to Harold Guest, this arrangement being subject to the consent of Mr. Carleno. This agreement provided that all incidents of the lease would be assigned except the option to purchase which Vollmert would keep. Vollmert requested Carleno's consent to the assignment, however, Carleno refused, stating that he wished to meet Guest. Apparently, Carleno also indicated that he would prefer to cancel the old lease and make a new lease with Guest which would not contain an option to purchase. After meeting Guest, Carleno refused to grant his consent to the proposed assignment. Without this consent, Vollmert assigned the lease, retaining the option, and concluded the sale of the business. On May 14, 1973, Carleno notified Vollmert that the assignment was a violation of the terms of the lease, constituting grounds for forfeiture. On May 15, 1973, John Carleno died suddenly, and on June 8, 1973, his wife, Sarah D. Carleno, was appointed administratrix of the estate of John Carleno. On June 8, 1973, permission was requested by Vollmert's attorney to sublease a part of the premises to Billy Smart. Under the date of June 14, 1973, by letter from her attorney, Mrs. Carleno advised Vollmert that she would "not accept any party as a lessee on the above captioned building other than Vollmert Tire Co. . . ." Mrs. Carleno then initiated this cause of action to terminate the lease and obtain possession of the premises.
The determination of the lessor's right to withhold consent for an assignment or sublease requires an interpretation of the above-quoted clause No. 1 of the lease. Where a lease requires the consent of the lessor to an assignment or sublease but places no qualification on the right of the lessor to withhold consent, such right is absolute and consent may be withheld arbitrarily by the lessor without creating a breach of the lease. Cedarhurst Park *1151 Apartments, Inc. v. Milgrim, 55 Misc.2d 118, 284 N.Y.S.2d 330; Kendis v. Cohn, 90 Cal.App. 41, 265 P. 844. It was thus necessary for the trial court to decide whether this lease granted an unqualified right to withhold consent or whether the language of the lease is such that the lessor was required to grant consent if the assignee or sublessee was of good character and reputation and no threat of damage to the building appeared.
In Hill v. Stanolind Oil & Gas Co., 119 Colo. 477, 205 P.2d 643, the court discussed several rules of construction: (1) That every lease should be construed, if possible, to give effect to every provision, (2) that the lease should be construed in favor of the lessor and against the lessee, and (3) that where the parties have placed a construction on the lease and acted upon their interpretation such construction should be adopted by the courts. There is a conflicting rule of construction that written instruments which are ambiguous shall be construed against the draftsman, Gardner v. City of Englewood, 131 Colo. 210, 282 P.2d 1084, which in this case was the lessor. Under the circumstances of this case, we hold that the trial court correctly used the construction that the parties themselves appear to have placed on the disputed language.
The testimony was contradictory, but there is evidence in the record to support the trial court's finding that Carleno felt that he had to find a justification concerning the assignee's character in order to refuse consent. Therefore, the trial court's interpretation that the lease imposed a limitation on the lessor's right arbitrarily or unreasonably to withhold consent to the assignment is supported by competent evidence and will not be overturned on review. Gleason v. Phillips, 172 Colo. 66, 470 P.2d 46.
The appellant's reliance on Gordon Investment Co. v. Jones, 123 Colo. 253, 227 P.2d 336, and Union Oil Co. v. Lindauer, 131 Colo. 138, 280 P.2d 444, is misplaced. Lindauer dealt with a lease which contained no qualifications on the lessor's right to withhold consent to an assignment. In Gordon, the lease as construed provided that the lessee could assign the lease without consent, but could not "underlet" without the consent of the lessor, such consent being unqualified. Both of these cases are inapposite to the facts of the case at hand.
The trial court found that both the assignee and the sublessee were of good character and reputation, and further that Carleno did not base his refusal to consent on Guest's character or reputation and that Mrs. Carleno had never considered Smart's character or reputation. There is strong support in the record for these findings and for the court's belief that the refusals were the result of a desire to terminate the option to purchase contained in the lease.
Where the lessor's consent is wrongfully withheld, it has been almost uniformly held that an assignment or sublease made without such consent is valid. Annot., 31 A.L. R.2d 831. Hence, the judgment entered here was correct.
Furthermore, it is of no significance whether the trial court improperly characterized the agreement as an assignment, rather than as a sublease. Under the language of this particular lease, the same rule of law concerning the lessor's right to withhold consent applies under either characterization.
There is also no merit in the lessor's final contention that the option to purchase clause was not supported by consideration. As the trial court found, such clauses are supported by the reciprocal promises in the lease, such as the lessee's promise to pay rent. Cities Service Oil Co. v. Viering, 404 I11. 538, 89 N.E.2d 392. The fact that the lessee remained ultimately liable on the reciprocal promises in the lease constituted the consideration, Kintner v. Harr, 146 Mont. 461, 408 P.2d 487; 49 Am.Jur.2d Landlord & Tenant § 437, and *1152 thus the consideration continued to flow to the lessor after the assignment, even though the option to purchase was retained by the lessee.
Judgment affirmed.
COYTE and BERMAN, JJ., concur.