**CAFETERIA OPERATORS L.P., a Delaware Limited Partnership, Plaintiff–Appellee and Cross–Appellant,**

**v.**

**AMCAP/DENVER LIMITED PARTNERSHIP, a Delaware Partnership, Defendant–Appellant and Cross–Appellee.**

No. 96CA1493.

Colorado Court of Appeals, Div. IV.

March 5, 1998.

Rehearing Denied June 18, 1998.

Certiorari Denied Feb. 22, 1999.*

* Chief Justice MULLARKEY and Justice HOBBS would grant as to the following issue:

Whether a landlord can withhold its consent to a proposed sublease or assignment of a commercial lease without reason where the lease requires that the tenant obtain the landlord's consent but is silent on how that consent shall be exercised.

Kutak Rock, John P. Jones, Denver, Sachnoff & Weaver, Ltd., J. Samuel Tenenbaum, Chicago, IL, for Plaintiff–Appellee and Cross–Appellant.

Silver & Deboskey, P.C., Joe L. Silver, Elizabeth Savage, Jay S. Jester, Denver, for Defendant–Appellant and Cross–Appellee.

Opinion by Judge NEY.

In this declaratory judgment action concerning a sublease of commercial property (premises), AmCap/Denver Limited Partnership (lessor) appeals the partial summary judgment entered on the motion of Cafeteria Operators (lessee). The lessee cross-appeals the district court's ruling that lessor reasonably withheld its consent to a proposed sublease.. We affirm.

The dispute between the parties concerns a lease for the premises that was executed in April 1982 between lessor's predecessor in interest and lessee's predecessor in interest for a term of twenty years with four renewal options of five years each. In its use provisions, the written lease refers to exhibits which never existed. In the assignment provisions, the lease provides:

> Tenant shall not assign ... this Lease or any part thereof without written consent of Landlord and shall not sublet ... without like consent.... The power of Landlord to give or withhold its consent to any assignment or subletting will not be exhausted by the exercise thereof on one or more occasions, but the same shall be a continuous right and power with respect to any type of transfer, assignment or subletting.

Lessee leased the premises for the purpose of operating a cafeteria-style restaurant. After several failed attempts to operate such a restaurant on the premises, lessee marketed the space to prospective sublessees, including non-cafeteria restaurant owners. When a non-cafeteria restaurant owner expressed an interest in subleasing the premises, lessee sought lessor's consent to sublet. Lessor refused.

Lessee filed a declaratory judgment action seeking an order stating that the lease did not restrict the use of the premises to the operation of a cafeteria restaurant, that lessor was required under Colorado law to act reasonably in granting or withholding consent to proposed subleases, and that because lessor was withholding consent unreasonably, lessee was free to lease to the prospective sublessee.

Lessor filed an answer and motion for summary judgment. Lessee filed a cross-motion for summary judgment and a motion for leave to add a claim for breach of contract and breach of duty of good faith and fair dealing, seeking monetary damages.

The district court denied lessor's motion for summary judgment and granted in part and denied in part lessee's motion for summary judgment. Specifically, the court ruled that *Basnett v. Vista Village Mobile Home Park,* 699 P.2d 1343 (Colo.App.1984)(*Basnett I* ) expresses the controlling law, *i.e.,* that a landlord may not unreasonably withhold consent to the assignment of a lease or sublease unless there is an express provision in the lease granting the landlord the absolute right to withhold such consent. In addition, the court ruled that this lease did not contain any use restrictions. Therefore, the court denied summary judgment to lessor, concluding that the landlord here could not withhold consent to a sublease unreasonably. The court found the reasonableness of the lessor's holding of consent to be a genuine issue of material fact to be decided at trial.

Neither party in this action argued that the lease contained a freely negotiated provision giving the lessor an absolute right to withhold consent. Therefore, the trial court did not rule on that issue and we do not address it.

At trial, the court found that lessor had reasonably withheld consent.

## I.

Although lessor prevailed at trial, it nevertheless argues that the trial court erred in ruling that a landlord may not unreasonably withhold consent to the assignment of a sublease without an express provision in the lease authorizing the landlord to do so. Because as originally postured, this action was for the purpose of determining the parties' rights under the lease by entry of a declaratory judgment and because the lease may be in existence for an extended period into the future, we address lessor's contention.

## A.

Lessor asserts that the court's reliance on the reasoning of *Basnett I* in its application of the Restatement applies only to mobile home leases and therefore does not apply to this action. We disagree.

A division of this court applied the reasoning of the Restatement (Second) of Property § 15.2(2)(1977) in *Basnett I* to hold that a landlord cannot withhold consent to alienation unreasonably unless a freely negotiated provision in the lease gives the landlord an absolute right to do so.

The supreme court granted certiorari to review the court of appeal's application of the Restatement, but reversed on other grounds without reaching the Restatement issue. *Vista Village Mobile Home Park v. Basnett,* 731 P.2d 700 (Colo.1987)(*Basnett II* ).

Contrary to lessor's assertion, the reasoning applied by the court in *Basnett I* is not limited to mobile home leases. Rather, as the court there stated: "In our view, that approach [articulated by the Restatement] is preferable, since it incorporates the principles of fair dealing and reasonableness and also preserves freedom of contract. Accordingly, we adopt it here...." This holding has broad application and is not, therefore, limited to mobile home leases.

■ Therefore, under Colorado law, without a freely negotiated provision in the lease giving the landlord an absolute right to withhold consent, a landlord's decision to withhold must be reasonable. *Basnett I, supra.* Hence, the trial court ruling was correct and

the parties were properly required to concentrate their arguments at trial on whether the lessor had reasonably withheld consent.

## B.

■ Lessor, however, argues that the trial court erred in invoking *Basnett I* here because that holding cannot be applied retrospectively so as to control the lease at issue here. We disagree.

■ Lessor repeatedly asserts that the court in *Basnett I* "adopted" the Restatement and that this adoption cannot apply to lessor since the lease in question here was written well before *Basnett I* was decided. This argument is illogical. First, it is impossible for a court to "adopt" a Restatement in the legislative sense. Rather, we may apply sections of the Restatements as a formulation of the law applicable to the issue before the court. *Grease Monkey International, Inc. v. Montoya,* 904 P.2d 468 (Colo.1995). Furthermore, the lease at issue in *Basnett I* was executed in 1980, two years prior to the lease in question here, and therefore, the argument that this reasoning cannot be applied to this lease because it predated *Basnett I* is unpersuasive.

Lessor further argues that *Carleno v. Vollmert Tire Co.,* 36 Colo.App. 446, 540 P.2d 1149 (1975), stands for the proposition that a landlord is entitled to withhold consent with or without reason. We do not so interpret *Carleno.*

The court in *Carleno* alludes to the principle that a lessor is entitled to withhold consent arbitrarily only where a lease places no qualification on the right of the lessor to do so, because without qualification, such right is absolute. However, *Carleno* was decided on an analysis of the language of the lease there at issue. The court in *Carleno* found, consistent with the terms of the lease, that the landlord's withholding of consent was required to be reasonable and was not.

To the extent that the principle alluded to in *Carleno* conflicts with the holding in *Basnett I,* the division in *Basnett I* declined to follow it, as do we. Thus, under *Basnett I,* without a freely negotiated provision in the lease *giving* the landlord an absolute right to

withhold consent, a landlord's decision to withhold consent *must be reasonable.* In summary, we conclude the trial court properly invoked *Basnett I* as stating the law applicable to the lease at issue.

### C.

 Lessee argues in its cross-appeal that the trial court erred in finding at trial that the lessor's decision to withhold consent was reasonable. We disagree.

 In determining whether a landlord has reasonably refused to consent to a sublease, a court should only consider those factors that relate to a landlord's interest in preserving the value of the property and the court must evaluate whether a reasonably prudent person in the landlord's position would have also refused to consent. *List v. Dahnke,* 638 P.2d 824 (Colo.App.1981).

Findings of the trial court, if supported by the evidence, will not be disturbed by this court on appeal. *Adler v. Adler,* 167 Colo. 145, 445 P.2d 906 (1968). The court's determination of the sufficiency, probative effect, and weight of the evidence will not be disturbed unless clearly erroneous. *Dominion Insurance Co. v. Hart,* 178 Colo. 451, 498 P.2d 1138 (1972).

The trial court found, based on expert testimony, that the lessor reasonably withheld consent to sublease because the proposed sublessee would not have been compatible with the character of a neighborhood shopping center and would have injured its viability.

The trial court found that, if permitted to lease, the sublessee would disrupt the tenant mix to the detriment of the center because the sublessee would be the largest restaurant of its kind, raising concerns about lighting, maintenance, traffic, and parking. The sublessee would sell alcohol and stay open late, increasing the average seating time, and raising concerns about security, safety of patrons, and parking requirements. Based on these potential impacts, the trial court found the lessor's decision to withhold consent to be reasonable.

We conclude that the findings of the trial court are supported by sufficient evidence, in the form of admissible expert testimony, and decline to disturb the court's ruling.

### II.

 Lessor also appeals the trial court's determination that the lease did not restrict use of the premises to the operation of a cafeteria restaurant. Lessor argues that the plain language, the parties' intent, and the previous construction of the lease establish that uses were restricted. We disagree.

The pertinent lease provision reads:

The Tenant shall use the Premises solely for the purposes and under the trade name specified in Exhibit "B" attached hereto. The Tenant shall not use or permit the Premises to be used for any other purpose or purposes . . .

The trial court found, and both parties agree, that "Exhibit B" was never made a part of the lease. We therefore conclude that there were no use restrictions contained within the lease.

Judgment affirmed.

Chief Judge HUME and Judge RULAND concur.