W.O. BRISBEN COMPANIES, INC.,
Plaintiff–Appellee and Cross–
Appellant,

v.

Eric KRYSTKOWIAK, Defendant–
Appellant and Cross–Appellee.

No. 00CA2007.

Colorado Court of Appeals,
Div. III.

Aug. 29, 2002.

Certiorari Granted April 14, 2003.

Deutsch, Spillane, Reutzel & Foster, P.C., John M. Spillane, Denver; Hall & Evans, L.L.C., Alan Epstein, Denver, for Plaintiff–Appellee and Cross–Appellant.

Anderson, Dude & Lebel, P.C., Lawrence A. Hecox, Lenard Rioth, Colorado Springs, for Defendant–Appellant and Cross–Appellee.

Kelly, Haglund, Garnsey & Kahn, L.L.C., Lori Potter, Denver, for Amicus Curiae SLAPP Resource Center.

Opinion by Judge DAILEY.

In this tort action for intentional interference with a contract, defendant, Eric Krystkowiak, appeals from a judgment granting his motion to dismiss, but denying his request for attorney fees and costs. Plaintiff, W.O. Brisben Companies, Inc. (Brisben), cross-appeals the judgment dismissing the

action. We affirm in part, reverse in part, and remand.

Brisben proposed to build an apartment complex on vacant land located directly across the street from Krystkowiak's house.

Krystkowiak and his neighbors organized the Northeast Colorado Springs Neighborhood Association (NECSNA) to oppose Brisben's project. Krystkowiak, an unpaid volunteer, was NECSNA's Design Committee Chair and Spokesperson.

NECSNA alleged that Brisben's project violated City of Colorado Springs zoning and planning ordinances. The city planning commission coordinated a mediation session between NECSNA, Brisben, and city staff.

Krystkowiak attended the lengthy mediation session on NECSNA's behalf. While it is disputed whether the mediation resulted in an agreement between the parties, it is not disputed that at some point, NECSNA's president signed a draft settlement agreement. Krystkowiak did not, however, sign the agreement, even though a separate line for his signature was provided.

Under the terms of the alleged agreement, Brisben was to make certain modifications to its proposed project, and NECSNA was to discontinue its opposition to the project. However, Krystkowiak continued to appear before the city council on behalf of NECSNA in opposition to Brisben's project. Ultimately, the city rejected Brisben's proposed project because it did not comply with city code.

Thereafter, Brisben filed the present suit against both NECSNA and Krystkowiak for $16 million in damages. In its complaint, Brisben alleged that Krystkowiak's continued opposition to the project, after NECSNA contracted to discontinue its opposition, constituted a breach of contract by NECSNA and intentional interference with the contract by Krystkowiak.

Claiming immunity from liability under the First Amendment to the United States Constitution and the Volunteer Service Act, § 13–21–115.5, C.R.S.2001, Krystkowiak filed a C.R.C.P. 12(b) motion to dismiss for lack of subject matter jurisdiction.

In resolving Krystkowiak's motion, the trial court utilized the analysis set forth in *Protect Our Mountain Environment, Inc. v. District Court*, 677 P.2d 1361, 1368–69 (Colo. 1984)(*POME* ), whereby, "when confronted with a motion to dismiss predicated on the First Amendment right to petition the government," the motion is treated as one for summary judgment and resolved after giving the parties the opportunity to develop evidence material to specific First Amendment standards.

Here, after receiving and considering affidavits, depositions, and other evidence from the parties, the trial court granted Krystkowiak's motion to dismiss based on *POME*. The court denied Krystkowiak's request for attorney fees and costs under § 13–17–201, C.R.S. 2001, however, because *POME* requires that a motion to dismiss be treated as a motion for summary judgment. The court certified its decision for appellate review under C.R.C.P. 54(b).

## I.

Brisben contends that *POME* is inapposite to its intentional interference claim against Krystkowiak because the claim stems solely from a contractual dispute. We agree.

In *POME, supra,* 677 P.2d at 1368, the supreme court recognized that "suits filed against citizens for prior administrative or judicial activities can have a significant chilling effect" on exercise of the First Amendment right to petition the government.

■ Nonetheless, the right to petition the government is not without limits; parties may, consistent with the First Amendment, contractually obligate themselves not to exercise their right to comment on matters of public concern. *Cohen v. Cowles Media Co.,* 501 U.S. 663, 669, 111 S.Ct. 2513, 2518, 115 L.Ed.2d 586, 597 (1991); *see Pierce v. St. Vrain Valley School District RE 1J*, 981 P.2d 600, 604 (Colo.1999)(parties imposed their own restrictions on their ability to speak publicly by signing settlement agreement). Where a party has thus contracted, *POME* protections are not applicable to immunize petitioning activity. *See Duracraft Corp. v.*

*Holmes Products Corp.*, 427 Mass. 156, 166, 691 N.E.2d 935, 942 (1998).

## II.

Our conclusion that *POME* is inapplicable does not dispose of this appeal. Brisben's suit proceeds upon the assumption that, as NECSNA's agent, Krystkowiak can be held personally liable for interfering with the alleged contract between Brisben and NECSNA. However, liability of this type appears to be the exception, rather than the norm.

### A.

One who intentionally and improperly interferes in the performance of a contract between another and a third person is liable in tort to the other for the pecuniary loss resulting from the nonperformance of the contract. *Trimble v. City & County of Denver*, 697 P.2d 716, 726 (Colo.1985).

However, an agent who, while acting within the scope of official duties, causes his or her principal to breach a contract generally will not be held liable for tortious interference with that contract. *See Cronk v. Intermountain Rural Electric Ass'n*, 765 P.2d 619, 623 (Colo.App.1988); *see also Larry v. Penn Truck Aids, Inc.*, 567 F.Supp. 1410, 1416 (E.D.Pa.1983)("The aggrieved party already has a claim against the corporate principal for breaching the [contract]. Where the individual agent of the corporation is acting in the best interest of his principal, nothing is gained by recognizing, in addition, a cause of action against the individual for inducing the breach.").

In some circumstances, agents ostensibly acting within the scope of their official duties will be held liable for interfering with their principals' contractual relations. In those instances, the inquiry focuses not on whether the agent intended the interference or at least knew that it was certain or substantially certain to occur as a result of the agent's actions, *see* Restatement (Second) of Torts § 766 cmt. j (1979), but, rather, on whether the agent acted "improperly" in doing so. *See, e.g., Trimble v. City & County of Denver, supra*, 697 P.2d at 720–21, 725–27 (agent acted improperly by abusing administrative authority to fire employee because of personal hostility, rather than bona fide organizational purposes).

Ordinarily, whether a person acts "improperly" in interfering with a contract depends upon consideration of the following factors: (1) the nature of the person's conduct; (2) the person's motive; (3) the interests of the other with which the person's conduct interferes; (4) the interests sought to be advanced by the person; (5) the social interests in protecting the person's freedom of action and others' contractual interests; (6) the proximity or remoteness of the person's conduct to the interference; and (7) the relations between the parties. *See Trimble v. City & County of Denver, supra*, 697 P.2d at 726.

Perhaps because this analysis does not readily lend itself to predicting outcomes or deciding one's rights or duties, *see* W.P. Keeton et al., *Prosser & Keeton on Torts* § 129, at 984 n. 63 (5th ed.1984), it has not been strictly applied in the agency context. *See Trimble v. City & County of Denver, supra*, 697 P.2d at 726–27 (noting the importance of not unduly curtailing agents' freedom to act on behalf of principals); *see also Ed Peters Jewelry Co. v. C & J Jewelry Co.*, 124 F.3d 252, 275 (1st Cir.1997)("specialized rules apply to tortious interference claims against corporate agents").

In the agency context, the analysis focuses on whether the agent acted, in part at least, to serve the corporation's interests, *see Ed Peters Jewelry Co. v. C & J Jewelry Co., supra; Young v. West Coast Industrial Relations Ass'n*, 763 F.Supp. 64, 77 (D.Del. 1991)(agent who usurped a corporate opportunity for himself was liable), *aff'd*, 961 F.2d 1570 (3d Cir.1992), or whether the agent was "motivated out of personal animus towards one or both of the contracting parties." *Powell Products, Inc. v. Marks*, 948 F.Supp. 1469, 1478 (D.Colo.1996); *see King v. Driscoll*, 418 Mass. 576, 587, 638 N.E.2d 488, 495 (1994)(agent acting with a spiteful, malignant purpose unrelated to the legitimate corporate interest was liable); *Boers v. Payline Systems, Inc.*, 141 Or.App. 238, 243, 918 P.2d 432, 435 (1996)(agent retaliating against a

party not for the benefit of the principal was liable); *see also Meehan v. Amax Oil & Gas, Inc.*, 796 F.Supp. 461, 465 (D.Colo.1992)("Colorado courts have looked to whether the defendant acted in good faith to serve the corporation's interests and whether the defendant acted with malice towards the plaintiff or was motivated by a desire to harass or retaliate against the plaintiff").

■ In synthesizing these considerations, we conclude that an agent acts improperly only when he or she is motivated solely by the desire to harm one of the contracting parties or to interfere in the contractual relations between the parties. *See Trimble v. City & County of Denver, supra*, 697 P.2d at 726 (agent who fired employee for personal reasons was liable); *Zappa v. Seiver*, 706 P.2d 440, 442 (Colo.App.1985)(agent who harassed or retaliated against party to contract was liable); *see also Cronk v. Intermountain Rural Electric Ass'n, supra*, 765 P.2d at 623.

### B.

■ Here, although Krystkowiak postured his motion to dismiss as one for lack of subject matter jurisdiction, *see* C.R.C.P. 12(b)(1), a motion to dismiss brought, as here, in connection with *POME* is really a motion to dismiss for failure to state a claim upon which relief can be granted. *See POME, supra*, 677 P.2d at 1368.

The determination whether Brisben failed to state a claim against Krystkowiak should have focused on whether Brisben adequately alleged that Krystkowiak acted outside the scope of his agency and solely with the intent to harm one of the contracting parties or to interfere in the contract.

While the trial court did not engage in such analysis, we see no need to remand the matter where, as here, we can resolve it ourselves as a matter of law. *Cf. Norsby v. Jensen*, 916 P.2d 555, 559 (Colo.App. 1995)(where trial court improperly treated motion to dismiss as a C.R.C.P. 12(b)(5), rather than a C.R.C.P. 12(b)(1), motion, reviewing court may, in appropriate circumstances, apply governing rule without remand).

■ In analyzing a C.R.C.P. 12(b)(5) motion, a court considers only those matters stated in the complaint, accepting them as true and viewing them in the light most favorable to the plaintiff. A court may not grant the motion to dismiss unless it appears beyond doubt that the plaintiff cannot prove facts in support of a claim that would entitle it to relief. *Coors Brewing Co. v. Floyd*, 978 P.2d 663, 665 (Colo.1999).

■ In its complaint, Brisben alleged only that, inasmuch as Krystkowiak continued to petition against its project despite his principal's prior agreement not to do so, he knowingly and intentionally interfered in the performance of that contract. Brisben did not allege that Krystkowiak "improperly" interfered with the contract. Nor did Brisben allege (or, for that matter, present any evidence to the trial court) that Krystkowiak acted outside the scope of his agency with NECSNA, that he and NECSNA were in conflict with respect to his petitioning activity, or that he was motivated *solely* by a desire to harm Brisben or NECSNA or to interfere with their contract. *Cf. Cronk v. Intermountain Rural Electric Ass'n, supra*, 765 P.2d at 623–24 (although complaint did not allege that agent acted improperly, it alleged he acted intentionally *and* outside the scope of his official duties).

Although Brisben argued, in response to the motion to dismiss, that Krystkowiak had a personal motivation to act, it failed to argue that Krystkowiak was "solely" motivated to harm one of the contracting parties or to cause a breach of their contract. *See King v. Driscoll, supra*, 418 Mass. at 587, 638 N.E.2d at 495 ("The motivation of personal gain, including financial gain ... generally is not enough to satisfy the improper interference requirement.").

Brisben's complaint thus failed to state a claim upon which relief could be granted against Krystkowiak. *See Public Service Co. v. Van Wyk*, 27 P.3d 377, 391 (Colo.2001)(affirming dismissal of trespass claim because plaintiffs "did not allege specific physical damage to their property resulting from the intangible intrusions of which they complained"); *see also Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 684

**138**

(11th Cir.2001)(affirming dismissal of action because "Roe's complaint contains no allegations, inferential or otherwise, regarding defendants' motive, and Roe will ultimately have to prove that defendants acted with the proscribed motive if she is to prevail on the merits"); *Institute for Professional Development v. Regis College,* 536 F.Supp. 632, 634 (D.Colo.1982)(dismissing abuse of process claim for failure to allege improper use of process); 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil 2d* § 1357, at 340 (1990)(under notice pleading rules, "the pleader must set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist").

■■ Finally, we reject Brisben's assertion that it ought to be permitted an opportunity now to amend its pleadings. While "permission to amend a complaint should be freely given where there is a possibility that the complaint could be amended to set forth a claim for which relief could be granted," *Wisehart v. Zions Bancorporation,* 49 P.3d 1200, 1208 (Colo.App.2002), in view of the evidence submitted to the trial court in response to plaintiff's motion to dismiss, we see no such possibility here.

Consequently, we affirm the trial court's order of dismissal, albeit on other grounds. *See Bengtson v. USAA Property & Casualty Insurance,* 3 P.3d 1233, 1236 (Colo.App.2000)(appellate court will uphold decision by trial court that reached correct result).

### III.

■■ In his appeal, Krystkowiak contends that the trial court erred by denying his request under § 13–17–201 for an award of attorney fees. We agree, but on grounds different from those upon which he relies.

Because Krystkowiak's C.R.C.P. 12(b) motion to dismiss, if properly postured, would have succeeded without a *POME* inquiry, he may be entitled under § 13–17–201 to a reasonable portion of his attorney fees. Consequently, we remand the case to the trial court to determine what amount, if any,

would be reasonable under the circumstances.

Accordingly, that part of the judgment dismissing Brisben's claim against Krystkowiak is affirmed; that part of the judgment denying Krystkowiak attorney fees is reversed; and the case is remanded to the trial court with directions to conduct further proceedings consistent with the views expressed in this opinion.

Judge NEY and Judge ROY concur.