Frank PARR and Dora Bailey,
Plaintiffs–Appellees,

v.

TRIPLE L & J CORPORATION and Scott
T. Schafer, individually and as the presi-
dent of Triple L & J Corp., Defendants–
Appellants.

No. 03CA0607, 03CA0930.

Colorado Court of Appeals.
Div. II.

Nov. 18, 2004.

Rehearing Denied Dec. 30, 2004.

Walters & Joyce, P.C., Craig D. Joyce, Denver, Colorado, for Plaintiffs–Appellees.

Scott R. Larson, P.C., Scott R. Larson, Denver, Colorado, for Defendants–Appellants.

CASEBOLT, J.

In this case involving a real estate lease, defendants, Triple L & J Corporation and Scott T. Schafer, appeal the judgment in favor of plaintiffs, Frank Parr and Dora Bailey. The trial court determined that Triple L & J breached the lease by unreasonably withholding consent to an assignment and that Triple L & J and Schafer were liable for intentional interference with a prospective business advantage. The court awarded punitive, economic, and noneconomic damages and assessed costs and attorney fees. We affirm in part, vacate in part, and remand.

Schafer became the president and the sole shareholder of Triple L & J in 1998, several years after it had leased commercial space to plaintiffs for a restaurant. The lease allowed

assignment by plaintiffs with prior written consent of Triple L & J and required that Triple L & J not unreasonably withhold its consent.

When plaintiffs attempted to sell their restaurant business and assign their interest in the lease to a third party, they sought approval for the assignment. Defendants requested personal and financial information about the prospective buyer, which plaintiffs promptly provided. Defendants then requested more detailed information, including photocopies of driver's licenses, social security cards, and fifteen years of work history. Plaintiffs again provided the requested information. However, defendants deferred making a decision on the assignment, thereby delaying the sale of the business until the prospective buyer withdrew his offer.

Plaintiffs then initiated this action seeking damages for breach of contract and intentional interference with a prospective business advantage, alleging that defendants deliberately withheld consent to the assignment to sabotage the sale because of personal animosity between the parties. They also asserted claims for emotional distress and punitive damages.

Following a bench trial, the court found that Triple L & J unreasonably had withheld consent to assignment of the lease. It also found both defendants liable for intentional interference with a prospective business advantage. The court awarded plaintiffs $20,000 on the breach of contract claim against Triple L & J, representing the lost profits from the attempted sale, and $20,000 on the tort claim against both defendants, jointly and severally. However, the court specifically ordered that damages arising from the tort claim would be parallel to, not in addition to, the contract damages. The court also awarded Bailey $1,500 for emotional distress and both plaintiffs $5,000 for exemplary damages. It later awarded costs and attorney fees to plaintiffs against both defendants under a prevailing party clause in the lease. This appeal followed.

## I.

■ Defendants contend the evidence at trial was insufficient to support the court's conclusion that Triple L & J breached the contract by unreasonably withholding consent to the assignment. We disagree.

■ When sufficiency of the evidence is challenged on appeal, we must determine whether the evidence, viewed as a whole and in the light most favorable to the prevailing party, is sufficient to support the verdict. *Frontier Exploration, Inc. v. Am. Nat'l Fire Ins. Co.*, 849 P.2d 887 (Colo.App.1992).

■ In determining whether a landlord has unreasonably refused to consent to an assignment, a court should consider only those factors that relate to the landlord's interest in preserving the value of the property, and the court must evaluate whether a reasonably prudent person in the landlord's position would have also refused to consent. *Cafeteria Operators L.P. v. AMCAP/Denver Ltd. P'ship*, 972 P.2d 276 (Colo.App.1998). Arbitrary considerations of personal taste, convenience, or sensibility are not proper criteria for withholding consent under such a lease provision. *See List v. Dahnke*, 638 P.2d 824 (Colo.App.1981).

■ Whether a landlord has unreasonably withheld consent to a lease assignment is a question of fact. An appellate court will not disturb the trial court's findings of fact unless they are so clearly erroneous as not to find support in the record. *See List v. Dahnke, supra.* The fact finder determines the credibility of witnesses and the weight to be afforded evidence and draws all justifiable inferences of fact from the evidence. *Frontier Exploration, Inc. v. Am. Nat'l Fire Ins. Co., supra.*

Here, when plaintiffs informed defendants that they had a prospective buyer for their business, defendants' attorney requested that they provide personal and financial information on the buyer, as well as a business plan and evidence of the buyer's experience in operating a restaurant. Defendants' attorney also provided plaintiffs with a commercial lease application for the buyer to complete. Plaintiffs gave defendants the completed application and information on the buyer and promptly responded to each of defendants' requests for information.

As acknowledged by defendants' attorney, the proposed buyer had a "perfect credit

score." Plaintiffs' expert on commercial lease transactions, whom the trial court found persuasive, testified that based on the information provided by plaintiffs, defendants had enough information to make a decision and that their delay was unreasonable. Further, there was evidence that defendants' attorney thought defendants would approve the assignment and that defendants' delay in approving the assignment was not related to the buyer's qualifications, but was predicated on a dispute with plaintiffs involving a prior lawsuit between the parties.

Viewing this evidence in the light most favorable to plaintiffs as we must, we conclude that sufficient evidence supports the trial court's determination that defendants unreasonably withheld consent to the assignment.

Defendants nevertheless assert that they did not refuse consent, but merely delayed giving plaintiffs an answer until additional information was obtained. We reject this argument.

The terms of the lease provided that Triple L & J could not unreasonably withhold consent. "Withholding" means "not giving," while refusing may require some affirmative act or statement. *See Webster's Third New International Dictionary* 2627 (1986). Triple L & J's decision to delay consent amounted to a withholding of consent, especially given plaintiffs' indication that time was of the essence. And, as noted above, the trial court found, with record support, that this decision was unreasonable. Therefore, defendants' attempt to distinguish between withholding consent and refusing consent is unavailing under the lease provision here.

We also reject defendants' argument that the court focused its decision only upon the process of the exchange of information to the total exclusion of the substance of the information that was actually provided. The record reveals that the court considered the substance of the information.

■ Moreover, although the trial court did not make an explicit determination that a reasonably prudent lessor under the circumstances present here would have consented to the assignment, that determination is implicit in its finding that defendants acted unreasonably. Hence, we reject defendants'

assertion that the court failed to employ the proper legal standard.

For the same reasons, we also reject the corollary argument that costs and attorney fees awarded against Triple L & J under a prevailing party clause in the lease were improper.

## II.

■ Defendants next contend that plaintiffs' tort claims are barred by the economic loss rule. We agree in part.

■ A party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach absent an independent duty of care under tort law. *Town of Alma v. Azco Constr., Inc.,* 10 P.3d 1256 (Colo. 2000); *Grynberg v. Agri Tech, Inc.,* 10 P.3d 1267 (Colo.2000).

■ The economic loss rule requires the court to focus on the contractual relationship between the parties, rather than their professional status, in determining the existence of an independent duty of care. If the tort claims are based on duties that are imposed by contract, then contract law provides the remedies for economic losses. *BRW, Inc. v. Dufficy & Sons, Inc.,* 99 P.3d 66 (Colo.2004).

## A.

Here, as the landlord, Triple L & J had a duty under the lease not to unreasonably withhold consent to an assignment. Plaintiffs' tort claim for interference alleges, and the evidence showed, that Triple L & J interfered with their prospective contract with the third-party buyer by unreasonably withholding consent to the assignment. Thus, we conclude that Triple L & J's duty to plaintiffs arose in the context of the assignment of lease provision. Because the source of Triple L & J's duty is the contract, we agree that the claim for economic damages for tortious interference against Triple L & J cannot be maintained under the economic loss rule. Moreover, we note that plaintiffs conceded in oral argument before us that this award was improper under that rule, and in a brief filed before trial they acknowledged that the eco-

nomic damages requested under the tort claim were the same as those requested for breach of contract.

Therefore, the tort judgment against Triple L & J for economic losses of $20,000 cannot stand.

### B.

 The same analysis applies in determining whether plaintiffs may recover economic losses for tortious interference against Schafer, even though plaintiffs contend Schafer is personally liable for this claim.

It is true that only plaintiffs and Triple L & J were parties to the lease agreement, that Schafer did not sign the lease in his individual capacity, and that he is not a third-party beneficiary. Nevertheless, the contract is the source of Schafer's duty to refrain from interference in the context of the assignment of the lease. His duties, rights, obligations, or liabilities to plaintiffs arose under the assignment of lease provision, even though he is not personally a party to the contract. *See BRW, Inc. v. Dufficy & Sons, Inc., supra* (even though a contract may not exist between two parties, economic loss rule may bar claims).

We acknowledge that Schafer could have an independent, well-recognized obligation imposed by tort law to refrain from intentional interference with a prospective business advantage. Colorado recognizes the tort of intentional interference with a prospective business relation. *Amoco Oil Co. v. Ervin*, 908 P.2d 493 (Colo.1995); *Dolton v. Capitol Fed. Sav. & Loan Ass'n*, 642 P.2d 21 (Colo.App.1981).

However, the existence of such a duty is not determinative, because we are directed *first* to determine whether the contract requires conformance to a particular standard *before* turning to an independent duty analysis. If a duty is found in the contract, as here, it is improper further to analyze the existence of an independent tort duty in determining whether an economic loss may be recovered. *See BRW, Inc. v. Dufficy & Sons, Inc., supra.*

Here, the interference alleged is Schafer's interference as president of Triple L & J, for which a contractual duty of care exists. Therefore, the economic loss rule applies to bar plaintiffs' tortious interference claim seeking economic damages against Schafer. Hence, the judgment against Schafer individually for $20,000 in economic losses cannot stand.

### C.

 However, we reach a different result concerning Bailey's recovery for emotional distress and conclude that her claim may be maintained against both Triple L & J and Schafer.

 The economic loss rule generally bars only economic damages. *See Town of Alma v. Azco Constr., Inc., supra* (a party suffering only economic loss may not assert a tort claim arising from the breach of a contractual duty).

 Economic loss is defined generally as damage other than physical harm to persons or property. *See Town of Alma v. Azco Constr., Inc., supra.* In this sense, emotional distress is not an economic loss. Indeed, recovery for emotional distress is permitted when there are physical manifestations or mental illness, such as chronic nausea, headaches, hysterical attacks, or mental aberrations. *Towns v. Anderson,* 195 Colo. 517, 579 P.2d 1163 (1978); *Colwell v. Mentzer Invs., Inc.,* 973 P.2d 631 (Colo.App.1998).

Here, Bailey asserted personal injury damages, not solely economic losses. As the court stated in *Town of Alma v. Azco Constr., Inc., supra,* the phrase "economic loss rule" necessarily implies that the analysis focuses on the type of damages suffered by the aggrieved party, and while the relationship between the type of damages suffered and the availability of a tort action is inexact at best, examining the type of damages suffered may assist in determining the source of the duty underlying the action. Hence, most actions for lost profits are based on breaches of contractual duties, while most actions involving physical injuries to persons are based on common law duties of care.

Accordingly, we may proceed to determine whether defendants had independent duties to Bailey to refrain from tortious interference resulting in noneconomic damages. We conclude that they did. *See Amoco Oil Co. v.*

*Ervin, supra.* This independent duty protects Bailey from the risk of physical harm, here, noneconomic losses in the form of emotional distress. Hence, we uphold Bailey's recovery of $1,500 against Triple L & J and Schafer.

■ This result is consistent with the rationale of the economic loss rule. Contract obligations arise from promises the parties make to each other, while tort obligations generally arise from duties imposed by law to protect individuals from the risk of physical harm to themselves or their property. *See BRW, Inc. v. Dufficy & Sons, Inc., supra.* Hence, the economic loss doctrine preserves the distinction between contract and tort law when only economic damages are sustained. *See Town of Alma v. Azco Constr., Inc., supra.*

However, when noneconomic damages are pleaded and proved, as here, and an independent duty exists under tort law, a damage award in tort is sustainable. *See Vanderbeek v. Vernon Corp.,* 50 P.3d 866 (Colo. 2002)(where a duty arises independently of any contractual obligations between the parties, a tort action will lie, and consequential damages should be assessed under traditional tort standards); *SME Indus., Inc. v. Thompson, Ventulett, Stainback & Assocs., Inc.,* 28 P.3d 669 (Utah 2001)(the economic loss rule holds that economic damages are not recoverable in negligence absent physical property damage or bodily injury; economic loss does not include any claim of personal injury or physical damage to other property); *see also Presnell Constr. Managers, Inc. v. EH Constr., LLC,* 134 S.W.3d 575, 583 (Ky.2004)(Keller, J., concurring) (outlining development of economic loss rule and noting its limitation to claims in which only economic losses are sought and no physical damage or personal injury claim is asserted).

Defendant does not raise the validity of Bailey's recovery under *W.O. Brisben Companies, Inc. v. Krystkowiak,* 66 P.3d 133 (Colo.App.2003), *aff'd on other grounds,* 90 P.3d 859 (Colo.2004). Hence, we do not address that issue.

### III.

■ In a corollary argument, defendants contend that because exemplary damages are not generally available for breach of contract claims, and plaintiffs' tort claims for economic loss are barred by the economic loss rule, the trial court erred in awarding exemplary damages. We disagree.

While plaintiffs sought recovery of such damages under both the contract and tort claims, the court awarded exemplary damages only under the tort claim for intentional interference, not under the contract. The court granted an award of $5,000 "to plaintiffs" and neither differentiated between plaintiffs nor apportioned the award.

Because punitive damages are not "economic losses," and we have upheld Bailey's tort recovery for emotional distress based on tortious interference, we see no basis to preclude her recovery of exemplary damages. *See Vanderbeek v. Vernon Corp., supra.* Because the trial court found, with record support, that defendants acted in a malicious manner toward Bailey, it properly awarded exemplary damages in her favor against both.

Because we uphold the entirety of the punitive damages award to Bailey, and because the trial court did not distinguish between Parr and Bailey as to a recovery on this claim, we need not consider whether Parr is separately entitled to recover punitive damages.

### IV.

■ Defendants contend, plaintiffs agree, and we concur, that because plaintiffs and Triple L & J were the only parties to the lease, the trial court erred in awarding attorney fees against Schafer individually based on a prevailing party provision in the lease. Hence, the judgment for attorney fees against Schafer individually must be vacated. However, because we have upheld a tort recovery against Schafer, the cost award against him may stand.

### V.

Plaintiffs, as prevailing parties, are entitled to an award of attorney fees and costs on appeal against Triple L & J, and on remand the trial court should determine the appropriate amount. *See Dennis I. Spencer*

*Contractor, Inc. v. City of Aurora*, 884 P.2d 326 (Colo.1994).

Those parts of the judgment awarding $20,000 in economic losses against Triple L & J and Schafer for tortious interference and awarding attorney fees against Schafer individually are vacated. The balance of the judgment is affirmed, and the case is remanded for determination of attorney fees and costs incurred on appeal.

Judge ROTHENBERG and Judge STERNBERG* concur.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S. 2004.